NETTIE EDNA WOMBLE V. LEE ATKINS ET AL.

No. A-6937. Decided January 13, 1960.
Rehearing Overruled February 17, 1960.
(331 S.W. 2d Series 294)

*Gullett & Gullett,* of Denison, *Roland Boyd,* of McKinney, *Strasburger, Price, Kelton, Miller & Martin,* of Dallas, *Graves,*

*Dougherty & Gee, Robert J. Hearon, Jr., Thomas Gibbs Gee,* all of Austin, for petitioner.

The Court of Civil Appeals erred in affirming the erroneous decision of the district court that this suit to set aside a release is concluded by the former dismissal for want of jurisdiction of petitioner's application to probate a will, because petitioner's right to set this release aside was not, and under the circumstances could not have been, tried in or otherwise concluded by that action. Moore v. Stark, 118 Texas 565, 17 S.W. 2d 1037; Logan v. Thompson, 146 Texas 37, 202 S.W. 2d 212; Davis v. First Natl. Bank, 139 Texas 36.

*J. E. Abernathy,* of McKinney, *John C. Harris, William H. Duls, Burford, Ryburn & Ford, F. M. Ryburn, Bruce Graham, Clarence Guittard,* all of Dallas, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

In view of the numerous briefs filed, contentions advanced and a discernible shift in petitioner's emphasis or position in this Court as compared with that placed or assumed by her in the courts below, some simplifiication in the statement of the case is required. The factual background and basis of this litigation is accurately set forth in detail by the Court of Civil Appeals in its opinion reported in 300 S.W. 2d 688. Accordingly we here repeat only those essential facts, circumstances and legal principles which in our opinion control the disposition of the case.

This cause is now before us on writ of error seeking a reversal of a judgment of the Court of Civil Appeals which affirms a summary judgment of the District Court against petitioner, Mrs. Nettie Edna Womble, bottomed on the theory that a former judgment of the Court of Civil Appeals (300 S.W. 2d 688) operated as a bar to the relief sought in the present action. 314 S.W. 2d 150.

We affirm the judgment of the Court of Civil Appeals.

The record discloses that sometime after a will executed in 1945 had been admitted to probate as the last will and testament of Charles Thomas Tatum and respondents, Lee Atkins and O. E. Carlisle, had qualified as independent executors thereunder, the petitioner, Mrs. Nettie Edna Womble, sought to set aside the probate of the 1945 will and to probate an elleged

holographic will bearing the date of December 9, 1952. In both the county and district courts, the executors Atkins and Carlisle moved to dismiss Mrs. Womble's application to probate the 1952 will. Such motion was overruled by the lower courts but sustained by the Court of Civil Appeals upon the ground that Mrs. Womble had no interest in the estate of Charles Thomas Tatum, deceased, because she had executed an instrument dated August 17, 1953 which operated to release the Tatum estate from any and all claims or demands which had been or could be asserted by her. This release on its face operated to bar her right to probate the 1952 will which named her as sole beneficiary of the estate. 300 S.W. 2d 688.

The present suit originated in the District Court. Mrs. Womble undertook to set aside the release which had barred her attempt to probate the 1952 will, on the gorunds that such release was not based upon a valid consideration and had been procured by fraud.

The prayer of the petitioner was as folliws:

"Plaintiff here and now respectfully prays that the [release] contract entered into by and between the plaintiff and defendants, copy of which is attached as Exhibit "A", be declared a nullity and void insofar as it constitutes a 'full, complete and final settlement of any and all claims of every kind and character' that Nettie Edna Womble had against the Estate of C. T. Tatum, and insofar as the said contract constituted a compromise of any claims Nettie Edna Womble had against the Estate of C. T. Tatum and insofar as said contract released said estate from the claims that Nettie Edna Womble had against the Estate of C. T. Tatum, and insofar as the contract constitutes a 'full release of the Estate of C. T. Tatum, deceased, the Executors and their successors in office and the residuary beneficiaries' and that all costs be taxed against the defendants and that plaintiff have such other and further relief to which she may be entitled."

The petition mentioned the alleged holographic will of December 9, 1952 in a paragraph reading as follows:

"The plaintiff would show that the said agreement attached as Exhibit 'A' is without consideration. Plaintiff is the sole beneficiary under the last will made by C. T. Tatum on December 9, 1952, and therefore, there was no consideration for the agreement marked Exhibit 'A', as all of the Estate of C. T. Tatum

belonged to the plaintiff and the defendants had no right to deprive the plaintiff of any part thereof, and defendants had no right to demand or take any agreement or release from plaintiff concerning or affecting the estate of C. T. Tatum."

While the prayer referred to "claims" generally, the petition made no mention of a specific claim for services or otherwise except for Mrs. Womble's assertion that she was the sole owner of the C. T. Tatum estate. Although a copy of the release was attached as an exhibit to the petition and disclosed that the executors had paid a substantial consideration in both money and lands to Mrs. Womble for the release, no offer to return such consideration was pleaded. This omission is perhaps explained by Mrs. Womble's pleaded assertion that she was the sole owner of the estate and hence the consideration for the release was paid out of money and property actually belonging to her.

As disclosed by the opinion of the Court of Civil Appeals, 314 S.W. 2d 150, Mrs. Womble's appeal in that court was submitted upon four points of error, while her application for writ of error in this Court was submitted upon the following assignment:

"The Court of Civil Appeals errer in affirming the erroneous decision of the District Court that this suit to set aside a release is concluded by the former dismissal for want of jurisdiction of petitioner's application to probate a will, because Petitioner's right to set this release aside was not, and under the circumstances could not have been, tried in or otherwise concluded by that action."

The application makes no reference to Mrs. Womble's motion for rehearing in the Court of Civil Appeals which simply assigns error in overruling the points contained in her brief. The second point in such brief bears some resemblance in statement to the assignment in this Court and was as follows:

"The error of the Trial Court in refusing to hold that the judgment in Cause No. 15,196 in this Court, styled 'Lee Atkins, et al v. Nettie Edna Womble,' was not res judicata of the issues involved in this case, where the only thing decided in the former case was that Mrs. Womble had no such interest as to entitle her to offer the Will of Tatum for probate where there was outstanding a release which she had executed disclaiming any interest in the Estate."

Under this point which was combined with three others for the purpose of argument, it was in effect asserted that the first judgment of the Court of Civil Appeals only procluded Mrs. Womble from offering the 1952 will for probate until such time as she succeeded in setting the release aside.

The Court of Civil Appeals squarely met this contention and held that it had decided the issue as to the validity of the release in the former suit. We quote from that court's opinion as follows:

"We decided [in the first suit, 300 S.W. 2d 688] that the validity of the release had been made an issue in the former suit. Appellees pled the release as a bar to appellant's application to probate the will, and introduced evidence in support of their plea. Appellant interposed no pleas in defense or for affirmative relief from the effect of the release. If appellant had any defenses against the release, or sought affirmative relief by way of cancellation she was required in the face of appellees' plea to urge her defenses or her action for cancellation then and there. By failing to do so appellant in effect waived any defenses or pleas for affirmative relief she may have had with reference to the release.

"That such was our holding on the former appeal and that such holding was a material part of the basis upon which we decided to reverse and render judgment rather than merely to remand the cause is shown, we think, by this paragraph on pages 701, 702 [Vol. 300 S.W. 2d] of our opinion: 'Further, a party's interest in an estate, when challenged, is to be determined in the probate proceedings, first in the county court, and on appeal in the district court. Moore v. Stark [118 Texas 565], 17 S.W. 2d 1037; Abrams v. Ross' Estate, [Texas Com. App.,] 250 S.W. 1019; McArthur v. Hall, Texas Civ. App., 169 S.W. 2d 724; Plunkett v. Simmons, Texas Civ. App., 63 S.W. 2d 313; Alexander v. State, Texas Civ. App., 115 S.W. 2d 1122; Von Koernnertz v. Hardcastle, Texas Civ. App., 231 S.W. 2d 498; Hardin v. Hardin, Texas Civ. App., 66 S.W. 2d 362. Appellee Nettie Edna Womble could not evade or postpone appellants' challenge to her status as an interested party by filing in the District Court of Collin County a separate suit seeking cancellation of the release whereby she relinquished all further interest in the estate of C. T. Tatum.'"

The county court, and upon trial de novo, tho district court was called upon to decide whether or not Mrs. Womble was entitled to probate the 1952 will. This decision involved the

determination of whether or not she had an interest in the estate which turned upon the issue of the validity of the release which she signed. If the District Court upon a trial de novo had jurisdiction to determine these issues, then the Court of Civil Appeals upon an appeal of the cause likewise possessed such authority. As the question is one of judgments, that is, res judicata or estoppel by judgment, and not stare decises, the controlling consideration is that the Court of Civil Appeals upon the first appeal of this case held that it possessed such jurisdiction and authority, and thereupon exercised it. The judgment of the Court of Civil Appeals was not disturbed by this Court and its bindingness was in no way affected by the notation placed upon the application for writ of error stating that the same was refused, no reversible error.

**1-3** Further, there is no occasion to doubt the correctness of this judgment. It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein. Accordingly it has long been the established practice, when proper demand is made, to require one asserting a right to probate a will to first establish an interest in the estate which would be affected by the probate of such will. Newton v. Newton, 61 Texas 511, Sections 10 and 76, Vernon's Anno. Probate Code. When the executors' motion to dismiss Mrs. Womble's application to probate the 1952 will was presented and the release, valid on its face, was introduced in evidence, the burden shifted to Mrs. Womble to adduce evidence, then and there, and establish that the release was not valid. This she did not do, and on the record made in the hearing on the motion the trial court was clearly in error in overruling the motion to dismiss. The Court of Civil Appeals therefore properly and correctly reversed the judgment of the trial court and dismissed the application to probate the 1952 will. Decision of the validity of the release was essential to the judgment rendered. Under the established rule of res judicata such judgment operated as a collateral estoppel against the relitigation of the validity of the release in this suit between the same parties, even though this suit may be upon a different cause of action. Houston Terminal Land Co. v. Westergreen, 119 Texas 204, 27 S.W. 2d 526; Landa v. Isern, 141 Texas 455, 174 S.W. 2d 310; Kirby Lb. Corp. v. Southern Lbr. Co., 145 Texas 151, 196 S.W. 2d 387. This judgment of the Court of Civil Appeals was in no sense an interlocutory judgment. It finally adjudicated two matters, namely, that the release executed by Mrs. Womble was a valid release, and that Mrs. Womble had no such interest in the estate of Charles Thomas Tatum as to entitle her to

prosecute an application to probate the 1952 will. It is too well settled to admit of argument that before one may prosecute a proceeding to probate a will or contest such a proceeding he must be, and if called upon to do so must prove that he is, a person interested in the estate. Abrams v. Ross' Estate, Com. App., 250 S.W. 1019; Moore v. Stark, 118 Texas 565, 17 S.W. 2d 1037. The proper procedure is to try the issue of interest separately and in advance of a trial of the issues affecting the validity of the will. Davenport v. Hervey, 30 Texas 327; Newton v. Newton, 61 Texas 511; Chalmers v. Gumm, 137 Texas 467, 154 S.W. 2d 640. But the trial is nonetheless a trial on the merits of the issue of interest. A judgment of no interest and consequent dismissal of an application for probate, or contest of, a will is in no sense interlocutory. It is not, as suggested by petitioner, analagous to a judgment of dismissal for non-joinder of necessary parties which operates as a bar to prosecution of a suit only temporarily. Unless and until the party against whom the judgment is rendered acquires a new status of interest which was not and could not have been adjudicated, the judgment is a final judgment. If it were otherwise one could continue to refile and retry the issue of interest until he prevailed.

4 What has been said disposes of all contentions efficiently raised in the case. However, it is urged that even though it be conceded that the judgment of the Court of Civil Appeals (300 S.W. 2d 688) effectively bars Mrs. Womble from re-offering the 1952 will for probate, yet nevertheless the present judgment should be reversed so that Mrs. Womble might receive some other and further relief upon a trial of the merits. A distinction is sought to be drawn between the situation wherein it has been decided that the release is valid in order to determine as an ultimate proposition that Mrs. Womble had no right to offer the 1952 will for probate and a case where the relief sought is the establishment of a claim of another species or nature against the Tatum estate. The case of Forman v. Massoni (1943), Texas Civ. App., 176 S.W. 2d 366, wr, ref., seems rather against this asserted proposition, but we are in effect urged to re-examine the rule stated in such case and adopt in the place thereof the rule suggested by the American Law Institute in Paragraph 71 of its Restatement of the Law of Judgments, viz:

"Where a court has incidentally determined a matter which it would have no jurisdiction to determine in an action brought

directly to determine it, the judgment is not conclusive in a subsequent action to determine the matter directly."[1]

The rule stated is hardly applicable here for two reasons:

First, as above indicated, petitioner's pleadings fail to set up any claim against the estate except the claim through the 1952 will. This latter claim seems to be the only one that concerned petitioner until after the application for writ of error was filed in this Court. We decline to reverse the judgment of the Court of Civil Appeals upon a theory of recovery not presented in that court in order to allow petitioner to amend her pleadings and assert another and different cause of action.

Secondly, the end result sought in a suit to set aside a written instrument is seldom a mere rescission unaccompanied by a demand for further relief. Equity does not operate in a vacuum, and considering any imaginable remedy consistent with the facts of this case, cancellation of the disputed release could only serve as a basis or predicate for the offer of the 1952 will for probate or the assertion of a claim of some nature against the Tatum estate. A "suit for rescission" is hardly comparable to a suit for divorce or an action of trespass to try title which represent ultimate demands which a county court could not grant or determine. An agreement may be held ineffective in most any type of suit and by any court having jurisdiction thereof, wherein the issue of its validity becomes material. In such suits the jurisdictional question as among courts is generally determined by the amount in controversy rather than the nature of the suit. The county court when sitting in probate is not subject to a monetary jurisdictional limit.

A typical example of the situation where the rule of the Restatement is applicable is presented in Loomis v. Loomis, 288 N.Y. 222, 42 N.E. 2d 495, 147 A.L.R. 183, wherein a finding of the existence of a marriage made by a (limited jurisdiction) Family Court was held not binding upon the (general jurisdiction) district court having exclusive jurisdiction of divorce and the marital status of persons.

With referenc. to the rule of res judicata as applied to judgments of courts of limited jurisdiction, see, Geracy Inc. v. Hoover, 133 F. 2d 25, 147 A.L.R. 185 and the appended A.L.R. annotation. The Harvard Law Review also contains an excellent

1.—See, Comment and Illustration applicable to Section 71, Judgments, contained in American Law Institute's 1948 Supplement to the Restatement of the Law.

discussion of the Restatement Rule by Austin W. Scott, one of the American Law Institute's Reporters on the subject of Judgments. 56 Harvard Law Review 1, l.c. 18-23.

When the principles and public policy sought to be served by the doctrine of res judicata are kept in mind, it is difficult to concede that a release is valid when the end purpose sought is the probate of a will, and yet argue that such finding of validity is not binding when a money claim against an estate is presented to the county court, or in the case of independent executors, to a district court in the form of a suit against such executors. We should not repeat the mistakes of the past and create a confused situation as to jurisdiction of courts and the bindingness of judgments such as is illustrated by Baker v. Hart (1747) 3 Atkyns 543, 26 Eng. Rep. 1113, where a litigant was considered legitimate in law and illegitimate in chancery. The Lord Chancellor commented:

"It is very much to be lamented that there should be such different determinations in two concurrent jurisdictions; but though it is a great absurdity, there is no way to make them uniform; I know but one case where this variation of judgment has happened, and that was the case of Maxwell and Lord Mountague; there a testator was determined to be *compos mentis,* upon a suit in the ecclesiastical court, and that sentence was affirmed in the court of delegates; afterwards, on a trial at law in relation to the real estate devised by the will, the testator was found *non compos,* and then an application was made to the House of Lords by petition, to reverse the sentence in the court of delegates, in order to make the determination uniform, but the House of Lords dismissed the petition, because the sentence of the delegates is decisive, and no appeal lies from it."

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 13, 1960.

Rehearing overruled February 17, 1960.