Dennis C. CLOYD, Appellant,

v.

CHAMPION HOME BUILDERS CO., Appellee.

No. 20446.

Court of Civil Appeals of Texas, Dallas.

March 16, 1981.

Rehearing Denied April 9, 1981.

John D. Griggs, Dallas, for appellant.

Robert M. Greenberg, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

Cloyd appeals from a summary judgment denying him relief on a claim against the manufacturer, Champion, for breach of warranty on a motor home which was totally destroyed by fire. Cloyd is the named appellant before this court and was the named plaintiff in the trial court; however, Government Employees Insurance Company prosecutes the cause in Cloyd's name, claiming it is subrogated to Cloyd's claim because it paid Cloyd his losses under an insurance policy. We affirm because Cloyd and the insurance company failed to respond by proof of any facts which would avoid Champion's entitlement to a motion for summary judgment based upon Cloyd's own full release.

Cloyd's original petition alleged that Cloyd purchased the motor home directly from Champion, the manufacturer, with an express warranty of twelve months or twelve thousand miles: that the motor home was defective and unreasonably dangerous in that it produced a fire which totally destroyed the motor home and its contents; and that Cloyd was damaged in the amount of $20,000 for the vehicle, $32,000 for jewelry lost and destroyed, and $7,000 for personal belongings, a total of $59,000. Champion answered with a general denial and pled a general release, signed by Cloyd, releasing Champion from all liability. Cloyd then filed a "Supplemental Petition" setting out that Government Employees Insurance Company (hereinafter "the carrier") had issued Cloyd a physical damage risk insurance policy on the motor home; had paid Cloyd the amount set out in the original petition; was subrogated to and was prosecuting Cloyd's claim; and that any release given by Cloyd was subsequent to notice to Champion of the carrier's payment of the claim and its subrogation rights. Champion filed its motion for summary judgment supported by an affidavit together with the release signed by Cloyd. The carrier's response to the motion was not supported by affidavit, deposition, interrogatory, or admission. The response merely urged denial of the motion on the grounds that (1) the release was "undated" and the signature of Cloyd was not "verified," and that (2) the movant did not deny that Champion had notice of the carrier's subrogation when it took the release. The trial court entered a summary judgment that plaintiff take nothing.

On appeal, the carrier first argues that since the release was undated, there is a question of fact unresolved as to whether the release antedated or postdated the inception of the carrier's subrogation rights. We disagree. The date of the release, or the date that the carrier became subrogated to Cloyd's rights, is not controlling under

the pleadings. The issue made by the carrier's petition, with supplement, as well as the response to the summary judgment motion, was whether Champion took the Cloyd release *with notice of the carrier's vested subrogation rights.* Proof of notice to Champion lies not in an actual or recited date of the release, but in Champion's state of knowledge of the asserted subrogation at the moment it took Cloyd's release. We hold that under this record the absence of a date does not show an unresolved issue of fact preventing summary judgment.

■ The carrier further argues that Cloyd's release cannot be considered because his signature is not "verified." It is not clear whether the carrier's argument is directed to the face of the release itself as bearing no notary, certificate of an acknowledgement or oath attesting Cloyd's signature, or whether the carrier's argument is directed to the admissibility of the release as summary judgment proof in the absence of an affidavit that Cloyd actually signed the release. We do not find either possible position of the carrier well taken under our record. If the argument of the carrier is that the Cloyd release itself cannot be considered unless its face reflects a form of oath or acknowledgement, then we reject the argument because the carrier fails to point out any statute or case precedent which requires that a release of a civil cause of action fails unless given under oath, or is acknowledged. If, on the other hand, the argument of the carrier is that the Cloyd release must be offered in the summary judgment record supported by affidavit in order for the trial court to consider the release as summary judgment evidence, then we reject this argument because, prior to the summary judgment hearing, Champion filed the amended affidavit of Art Hoag who stated, under oath, that the release in question "was signed and executed by Dennis C. Cloyd" and that a true copy of the release was attached to the affidavit.

■ Lastly, the carrier argues that the trial court misplaced the burden of proof with respect to Champion's notice of the carrier's subrogation rights when Champion took Cloyd's release. The carrier urges that since it had pled, in its supplemental petition as well as its response to the summary judgment, that Champion took the release with notice of the carrier's subrogation rights, Champion, as movant for summary judgment, had the burden of pleading and proving that it did *not* have notice before it could prevail on its motion. We disagree. Motions for summary judgment do not shift the burden of proof undertaken or imposed by the parties' own pleadings. *See City of Houston v. Clear Creek Basin Authority,* 589. S.W.2d 671 (Tex.1979). Champion, as the defendant and movant, had the burden to sustain its defense, as a matter of law, to the cause of action held originally by Cloyd and succeeded to by the carrier. Cloyd's release, if unchallenged, fully discharged this burden. In *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294 (1960) our supreme court held that a release by Mrs. Womble of all claims against an estate barred her, as proponent, from offering for probate a will wherein she was the sole beneficiary. As to the burden of proof in relation to the release, the court held:

> When the executors' motion to dismiss Mrs. Womble's application to probate the 1952 will was presented and the release, valid on its face, was introduced in evidence, *the burden shifted to Mrs. Womble to adduce evidence, then and there, and establish that the release was not valid.* [Emphasis added]

331 S.W.2d at 297.

In *Ellis v. Woods,* 453 S.W.2d 509 (Tex.Civ. App.—El Paso 1970, no writ), a release of a named party and "any other persons, firms or corporations" barred a subsequent suit on the same cause of action brought against an unnamed party. As to the burden of proof in relation to the release, the court held as follows:

> We think the point of error must be overruled because appellant never replied to the pleaded release by any form of pleading, and the record is silent as to any offer of evidence by him and its refusal by the court. He says now that

he never intended to release Woods; but he never pleaded such avoidance in the trial court. He never joined issue by any pleading on which evidence, parol or otherwise could be offered. Defendant Woods would be covered by the language "any other persons, firms or corporations" of the release, and the open court stipulation as to its execution and the subject matter covered, established a valid and effective release. *The burden was then on plaintiff Ellis to plead and establish such facts as would render it invalid.* [Emphasis added]

453 S.W.2d at 510.

The carrier, by its several responses, did not *deny* the Cloyd release but only sought to *avoid* the release on the factual ground that Champion had notice of the carrier's subrogation rights at the time it took the release. The carrier's supplemental petition included allegations that Champion's notice of the carrier's subrogation rights existed before Champion took the Cloyd release because the carrier sent to Champion a letter recited to be attached as Exhibit A and a notice and demand recited to be attached as Exhibit B. No such exhibits were attached to the supplemental petition. The carrier's response to Champion's motion for summary judgment again relies upon the same Exhibits A and B, recites they are attached to the response, yet no such exhibits appear in our record. These exhibits are relied upon by the carrier, yet the carrier did not place them before the court in the summary judgment hearing by affidavit, deposition, interrogatories, or admission, i. e., by *proof*. Since the Cloyd release was before the court by proof (Hoag's amended affidavit) and the carrier failed to avoid the release by proof of Champion's knowledge of the carrier's subrogation rights at the moment Champion took Cloyd's release, we hold that Champion's motion for summary judgment was properly granted. Our holding is directly supported by the opinion of the supreme court in *City of Houston v. Clear Creek Basin Authority, supra,* wherein it was held that:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, *and he must present summary judgment proof when necessary to establish a fact issue.* [Emphasis added]

589 S.W.2d at 678.

The carrier here urges the *fact* of Champion's notice of the carrier's subrogation rights to *avoid* the release given by Cloyd. The carrier has pled the *fact* but has failed to present summary judgment proof thereof, whether such proof be in the form of the missing Exhibits A and B or other proof. Since the carrier's avoidance effort fails for want of the required proof, the Cloyd release stands unchallenged in the record and the trial court did not err in granting the summary judgment to Champion.

Affirmed.

AKIN, Justice, dissenting.

I cannot agree that the undated release given by the insured Cloyd bars the subrogation rights of Cloyd's insurance carrier. Instead, I would hold that because the release is an affirmative defense, the defendant had the burden of proof to show that the carrier's subrogation rights are barred by the release as a matter of law. This the defendant failed to do by summary judgment evidence. Thus, the summary judgment should be reversed. Accordingly, I dissent.

The principal question presented is whether the defendant has established its affirmative defense, by the undated release signed by the insured, to the carrier's pleading of its subrogation rights, apart from rights of the named insured. The majority opinion assumes, without analysis, that the defendant has established its affirmative defense as to the carrier-subrogee by the undated and unverified release and that it was necessary for the non-movant, in order to avoid the release, to establish both the date of the release and the date upon which the defendant received notice of the carri-

er's subrogation rights. With this conclusion, I cannot agree because the burden of proof of an affirmative defense is upon the movant. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Whether the defendant has established its affirmative defense so as to bar the carrier's subrogation rights, as a matter of law, turns upon the date of the release and upon the date the defendant received notice of the carrier's rights. Neither we, nor the trial judge, can determine whether the carrier's rights are precluded by the release, knowing neither the date of the release nor the date when the defendant received notice of the carrier's subrogation rights. Thus, the defendant failed to establish its affirmative defense as a matter of law. *See Combs v. Fantastic Homes*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

The crucial question with respect to the burden of proof is whether the situation here is one where the non-movant has the burden of avoiding the release or one where the non-movant is denying the effectiveness of the release as to the carrier. *See Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 505 (Tex.Civ.App.—Dallas 1977, no writ). The majority, without analysis, concludes that the release in the situation here is one of avoidance just as though the named plaintiff, Cloyd, was the party in interest. No question of avoidance of the release is presented unless the movant establishes its entitlement to summary judgment as a matter of law. The majority's view would be correct if Cloyd were the party in interest, instead of the insurance carrier. Cases cited in the majority opinion such as *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960) establish this proposition. However, a different analysis must be given a fact situation in which the party in interest is a subrogee as is the carrier here. This is true because on its face the release bars Cloyd, insofar as his interests may lie, but does not bar his subrogee's interest. Additional information must be established by summary judgment evidence to preclude the subrogee's recovery as a matter of law, and that is whether the defendant Champion had notice of the subrogee's rights at the time it took the release from Cloyd.

Contrary to the majority's assertion that the date of the release and the date upon which the defendant received notice of the carrier's subrogation rights are not part of the movant's summary judgment evidence, these facts are determinative of whether defendant has established its affirmative defense, thus entitling it to summary judgment predicated upon its release from Cloyd. This is true because if the release was taken *prior* to notice of the carrier's subrogation rights, the release would be effective to cut off the carrier's rights. On the other hand, if the release was taken *after* notice to the defendant of the carrier's rights, it would not preclude the carrier's recovery. *Wichita City Lines, Inc. v. Puckett*, 156 Tex. 456, 295 S.W.2d 894, 899–900 (1956); *Filipp v. Ochoa*, 340 S.W.2d 847, 848 (Tex.Civ.App.—Waco 1960, no writ). Thus, the date of the notice and the date of the release are essential to determine whether the carrier's claim is barred by the defendant's affirmative defense of release. Consequently, the burden of summary judgment proof of these unknown facts is upon the movant as part of its summary judgment evidence. Furthermore, these dates are peculiarly within the knowledge of the defendant. Because the defendant has failed to establish its affirmative defense by the release as a bar to the carrier's subrogation rights, as a matter of law, I dissent.

Additionally, I note that the majority's reliance upon the supreme court's decision in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) is misplaced with respect to the burden of proof in this case. In this respect, the majority quotes the following language:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. [Emphasis added].

589 S.W.2d at 678. The problem with the majority's analysis of this language is that the opinion ignores the first phrase of the above quotation. Because the carrier here has attacked the legal sufficiency of the movant's grounds for summary judgment, the exception applies. Indeed, the supreme court went on to say that the non-movant need not respond to contend on appeal that the movant's grounds are insufficient as a matter of law. *Id.* at 678. Thus, the majority's reliance upon this quotation is inapposite. *See Combs v. Fantastic Homes*, 584 S.W.2d 340, 342 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).