**Andrew GARR, Plaintiff,**

v.

**Stuart LERNER and Stuart Lerner Interests, Defendants.**

**No. 81 Civ. 2280.**

United States District Court, S. D. New York.

Dec. 17, 1981.

Howard I. Schuldenfrei, New York City, for plaintiff.

Kleban, Marcus & Stiefel, New York City, for defendants; George Stiefel, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Andrew Garr, a New York attorney, commenced this suit against Stuart Lerner, a Texas resident, and Stuart Lerner Interests, an unincorporated sole proprietorship operated by Lerner, on claims arising from

a letter of intent signed by the parties in connection with the sale of a parcel of real property located in Texas. The defendants move to dismiss the action under Rule 12 of the Federal Rules of Civil Procedure based upon principles of *res judicata* and collateral estoppel and for summary judgment under Rule 56. Plaintiff has cross-moved for permission to amend the complaint, and for purposes of this motion the Court has considered the proposed amended complaint.

After preliminary negotiations, Garr and Lerner signed a "memorandum and letter of intent" dated September 5, 1980 setting forth the main points agreed upon by the parties for the sale by Lerner and the purchase by Garr of an improved parcel of real property located in Houston, Texas. On September 17, 1980, Lerner wrote Garr that he did not consider the letter of intent a *binding agreement and set forth additional* terms and clarifications regarding the sale of the property. Garr responded on October 2, 1980 rejecting such further terms which he deemed a change of their agreement, and asserting that the September 5 document was a binding agreement for the sale of the property.

Thereafter, Garr instituted an action against Lerner in the state district court of Harris County, Texas for specific performance of the alleged contract to convey the property, or, in the alternative, damages for breach of contract. Lerner moved for summary judgment on the grounds that the letter of September 5 was not intended as a binding agreement, that it did not comply with the Texas statute of frauds, and that it was unenforceable *for want of consideration.* The district court granted the motion for summary judgment without opinion on November 10, 1980. Garr appealed to the Texas Court of Civil Appeals which by opinion dated June 17, 1981 affirmed the grant of summary judgment. No appeal from this decision has been taken and the time for such appeal has lapsed making the decision of the Texas Court of Civil Appeals a final judgment on the merits.[1]

After the district court's grant of summary judgment but before its affirmance by the appellate court, Garr filed the present action to reform the September 5 letter of intent, to enforce such agreement as reformed, to recover unspecified damages for fraud and for an injunction preventing the sale of property. In effect, having lost upon the merits in Texas courts under Texas law, plaintiff commenced this action to obtain the relief already once denied. Since the defendants argue that this action should be dismissed under the doctrines of *res judicata* and collateral estoppel, the scope and effect of the Texas judgment must be examined.[2]

Garr appealed the district court grant of summary judgment on the grounds that the court erred in failing to acknowledge that a material fact existed as to whether the contract was supported by adequate consideration, the adequacy of the description of the property under the statute of frauds and whether the September 5 document was an agreement between the parties. Finding the last of these three points dispositive, the appellate court did not reach the others. Garr had argued that the letter of September 5 was a binding agreement under Texas law. The court responded that "a preliminary letter of intent will be enforced as a binding contract" only if the

1. See *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 712 (2d Cir. 1977).

2. Under 28 U.S.C. § 1738, a federal court presented with a state court judgment is required to give that judgment the same force and effect as it has in the state in which it was rendered. This requires that the Texas law of *res judicata* and collateral estoppel be applied. *Winters v. Lavine*, 574 F.2d 46, 54 (2d Cir. 1978); *Cleckner v. Republic Van & Storage Co., Inc.*, 556 F.2d 766, 768 (5th Cir. 1977). While the plaintiff has assumed that New York law would govern, since it appears that New York and Texas law are similar on these points, the result would be the same in either case. *Compare Smith v. Kirkpatrick*, 305 N.Y. 66, 70, 111 N.E.2d 209, 211 (1953); *Schuykill Fuel Corp. v. B & C Nieberg Realty Corp.*, 250 N.Y. 304, 306–07, 165 N.E. 456, 457 (1929), *with Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771 (Tex.1979); *Tobbon v. State Farm Mutual Automobile Insurance Co.*, 616 S.W.2d 243, 246 (Tex.Civ.App. 1981).

parties "have agreed on all essential elements of the contract, *and intend to be presently bound.*" Finding that the "parties did not intend the letter agreement to be a binding agreement," the court affirmed the grant of summary judgment holding that "there was no binding agreement between the parties."

Plaintiff attempts to avoid the preclusive effects of *res judicata* and collateral estoppel upon a contention that the Texas action concerned a "land sales contract" whereas the instant action seeks an adjudication of the rights of the parties under what he terms an "agreement to agree."[3] This contention is an attempt to make an end run around the Texas judgment. There is no support either in logic or fact for the proposed distinction that gives rise to "two agreements." In the Texas action he claimed the September 5th letter constituted the agreement between the parties. He now shifts and claims it was an "agreement to agree." But in both instances he must rely upon the September 5th letter of intent, which the Texas Courts have held the parties did not intend "to be a binding agreement" and that "there was no binding agreement."

■ Plaintiff's allegation that the Texas Courts evaluated the September 5th letter of intent as a land sales contract is rebutted by the clear and unmistakable language of the appellate court's opinion that it was evaluating the document as a "preliminary letter of intent" and concluded, as indicated above, that the parties neither intended nor entered into a binding agreement. Plaintiff's attempt to overcome the force of this

definitive holding, based upon his contention that the "agreement to agree" is governed by New York law and subject to reformation and enforcement is without foundation and must be rejected since this Court cannot reform or modify an agreement that the Texas Courts have held did not exist. Moreover, the subject matter of the alleged agreement to agree is Texas property and was to be performed there and New York courts would apply Texas law.[4]

■ Plaintiff's allegation that Lerner, a layman, falsely and fraudulently represented to plaintiff, an attorney, that the September 5th letter was a binding agreement and that he relied thereon, is similarly defective and borders on the absurd. The Texas appellate court's determination that the parties did not intend the letter to be a binding agreement precludes plaintiff from arguing that he intended the agreement to be binding and that Lerner falsely represented that the agreement was binding. Under the doctrine of collateral estoppel, having once litigated the issue of intent, plaintiff may not relitigate it in a suit on a different cause of action.[5] Additionally, plaintiff's claim of fraud is barred under the doctrine of *res judicata* for such alternative theory of recovery for the same wrong could have been asserted in the prior action.[6] As this Court has previously noted, "[a] shift in legal theories or a new or different ground for relief sought does not of itself work magic and dissolve the defense of res judicata. . . . [A] plaintiff cannot 'escape the effect of the adverse deter-

---

**3.** Plaintiff's Memorandum of Law at 5.

**4.** Plaintiff is incorrect in his claim that New York substantive law will govern the enforceability of the letter of intent since the real property to be conveyed is located in Texas, New York would apply Texas law. *See James v. Powell,* 19 N.Y.2d 249, 256, 279 N.Y.S.2d 10, 16, 225 N.E.2d 741 (1967).

**5.** *See Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294 (1960); *see generally Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

**6.** *See Brachett v. Universal Life Insurance Co.,* 519 F.2d 1072, 1073 (5th Cir. 1975) (applying Texas law); *Texas Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979); *Astra Bar, Inc. v. Manges,* 608 S.W.2d 702, 705 (Tex.Civ.App.1980); *cf. Gatzemeyer v. Vogel,* 589 F.2d 360, 364 (8th Cir. 1978). *See generally Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1877).

mination by clothing the claim in a different garb.' " [7]

For the foregoing reasons, defendants' motion to dismiss is granted. Defendants' request for attorney's fees is denied.

So ordered.

---

**7.** *Goldstein v. Doft*, 236 F.Supp. 730, 734 (S.D. N.Y.1964), *aff'd*, 353 F.2d 484 (1965), *cert. denied*, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966) (citing *Frost v. Bankers Commercial Corp.*, 11 F.R.D. 195 (S.D.N.Y.1951), *aff'd*, 194 F.2d 505 (2d Cir. 1952)).