**A & W INDUSTRIES, INC., Appellant,**

v.

**James M. DAY and Ramona Day, Independent Co–executors of the Estate Of Tommy Joe Day, Deceased, Appellees.**

No. 2–97–388–CV.

Court of Appeals of Texas, Fort Worth.

July 16, 1998.

---

Orsen E. Paxton, Jeff S. Knotts, Arlington, for Appellant.

Woodley & Dudley, Keith Woodley, Comanche, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

DAY, Justice.

Appellant A & W Industries ("A & W") brings this appeal from the trial court's order dismissing its motion to remove Appellees James M. Day and Ramona Day ("Appellees") as independent co-executors of the estate of Tommy Joe Day, deceased. A & W asserts in a single point that the trial court erred in holding that A & W lacked standing to sue for Appellees' removal as a matter of law. Because A & W failed to both plead and prove that it was an "interested person"

under section 3(r) of the probate code, we affirm. *See* TEX. PROB.CODE ANN. § 3(r) (Vernon Supp.1998).

## BACKGROUND

Because of the disposition of this case, only a brief recitation of the facts is necessary.

Following Tommy Joe Day's death in June 1990, A & W entered a contractual agreement with Appellees as co-executors of Day's estate to purchase the assets of Wilbert of North Texas, a burial vault manufacturing business owned by the estate. Appellees subsequently filed suit to rescind the contract and A & W counter-filed seeking specific performance.

On August 6, 1997, A & W filed a motion to remove Appellees as independent co-executors of the estate, alleging that Appellees had engaged in gross misconduct or mismanagement in the performance of their duties and had misapplied estate property committed to their care. *See* TEX. PROB.CODE ANN. § 222(b)(1), (4) (Vernon Supp.1998). Appellees answered the motion by asserting that A & W lacked standing to sue.

On December 3, 1997, the court held a hearing on A & W's motion to remove the estate representatives. Before receiving testimony on the motion to remove, the trial court held an *in limine* proceeding on the issue of A & W's standing, at which time A & W asserted that it had a property right in and a claim against the estate being administered. After hearing arguments from counsel, the trial court held that A & W lacked standing to sue for removal of the co-executors. The court timely filed conclusions of law, concluding that none of the acts alleged by A & W gave it standing to sue to remove Appellees as co-executors, and that even if every act alleged was established by competent evidence, A & W would still not have standing in this case.

## INTERLOCUTORY APPEAL

Before considering A & W's point, we must decide whether the order in this case is a final disposition that may be appealed or whether it is merely interlocutory, as alleged in A & W's notice of appeal. Under section five of the probate code, "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB.CODE ANN. § 5(f) (Vernon Supp.1998). To appeal a probate matter, however, it is not necessary that the order or judgment fully dispose of the entire probate proceeding. *See Crowson v. Wakeham,* 897 S.W.2d 779, 781–82 (Tex.1995) (citing *Kelley v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385, 386 (1945)). All that is required is that the order conclusively decide the controverted question for which that particular part of the proceeding is brought. *See id.* The Supreme Court of Texas has adopted the following test for probate appeals:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*See id.* at 783.

In this case, there is no express statute that declares an order dismissing plaintiff's motion for lack of standing to be final and appealable. *Cf.* TEX. PROB. CODE ANN. § 55(a) (Vernon 1980) (specifically stating that a judgment in a proceeding to declare heirship "shall be a final judgment, and may be appealed or reviewed"). The "proceeding" of which the order may logically be considered a part is the hearing on A & W's motion to remove. Because the trial court's order that A & W lacked standing to bring the motion "dispose[d] of all issues in the phase of the proceeding for which it was brought," we hold that the trial court's order constitutes a final judgment that may be appealed. *See Crowson,* 897 S.W.2d at 783; *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960); *see also Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294, 297 (1960) (holding that dismissal of probate action because party is not an interested person is "in no sense ... interlocutory" and is a final, appealable judgment). With this ques-

tion settled, we now determine whether the trial court erred in concluding as a matter of law that A & W lacked standing to sue.

## STANDARD OF REVIEW

■■■ The existence of standing is a question of law. *See Cleaver v. George Staton Co.*, 908 S.W.2d 468, 472 (Tex.App.—Tyler 1995, writ denied). Although we may not review the factual sufficiency of the trial court's conclusions of law, we may review the correctness of the conclusions as drawn from the facts. *See Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *overruled on other grounds, Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex.1991). An incorrect conclusion of law does not warrant reversal if the judgment is otherwise correct. *See Able v. Able*, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The trial court's conclusions of law are reviewable *de novo* as a question of law, and will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *See Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

## STANDING AS AN "INTERESTED PARTY"

■■■ For any person to maintain a suit, it is necessary that he have standing to litigate the matters in issue. *See Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). Generally speaking, standing consists of some interest peculiar to the person individually and not as a member of the general public. *See id.; Mitchell v. Dixon*, 140 Tex. 520, 168 S.W.2d 654, 656 (1943). However, the probate code generally places a heavier burden on the would-be litigant in probate matters, requiring that the party qualify as an "interested person." *See, e.g.,* TEX. PROB.CODE ANN. § § 76, 93, 222. "Interested persons" are defined by probate code section 3(r) as heirs, devisees, spouses, creditors, or "any others having a property right in, or claim against, the estate being administered." *Id.* § 3(r).

In this case, A & W alleges that it has standing as an interested person because it has a contract claim against the estate and because it has a pecuniary interest in estate and non-estate assets of the decedent. Appellees, on the other hand, assert that A & W's contract claim does not qualify as a "claim against the estate" as defined in section 3(r). Thus, both sides urge us to decide whether a party with a contract claim against an estate qualifies as an "interested person" under the probate code. Because there is a paucity of authority on this issue, we looked by way of analogy to the extensive and well-settled rules governing standing to bring a will contest or offer a will for probate. As a result of that review, we conclude that we should not reach the merits of this issue.

■■■ As a general rule, where the issue of standing is unchallenged, the trial court looks only to the plaintiff's allegations set forth in his pleadings to determine whether he has alleged jurisdictional facts. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). However, where the standing of a will contestant or proponent is raised before a trial on the merits, it is well-established that the burden of proof is on the person whose interest is challenged to present sufficient evidence during an *in limine* proceeding to prove that he is an interested person. *See Womble*, 331 S.W.2d at 297–98 (holding that where will proponent's interest is challenged, proponent must adduce evidence, then and there, to establish interest); *Chalmers v. Gumm*, 137 Tex. 467, 154 S.W.2d 640, 642 (Tex. Comm.App.1941, opinion adopted) (holding that where proponents timely challenge will contestants' standing, contestants must support their allegations of interest in the estate by proof); *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (holding that appellant filing bill of review in probate matter must plead and prove that he is an interested party in the estate); *In re Hill*, 761 S.W.2d 527, 528 (Tex.App.—Amarillo 1988, no writ) (holding that will contestant whose standing is challenged must prove that he is a person interested in the estate). This is because the law will not allow a "mere meddlesome intruder" to interfere with a decedent's estate in which he has no interest. *See Womble*, 331 S.W.2d at 297–98; *Gumm*, 154 S.W.2d at 642; *Bar-*

*rows v. Ezer,* 624 S.W.2d 613, 618 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

■ The same fundamental principle that bars an uninterested party from interfering in the probate of a will is equally important in the area of estate administration. A mere interloper has no more right to intervene in the administration of a decedent's estate than he does in the admission of a decedent's will to probate. For this reason, we hold that where the standing of a party suing to remove the personal representative of an estate is challenged before a trial on the merits, that party must support his allegations of interest with proof. If he fails to present evidence on this point or the evidence is insufficient to establish his interest in the estate, his suit must be dismissed. The alternative to this requirement—allowing uninterested strangers to interfere in the administration of a decedent's estate by merely alleging a factual scenario that, if true, would qualify them as "interested persons" under section 3(r)—is repugnant to the public policy of this state. *See Womble,* 331 S.W.2d at 297 ("It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein."). What we adopt today is a sound and reasonable rule to ensure that, just as with will contestants and proponents, no party whose standing is challenged may sue to remove an estate representative until that party offers competent proof of his interest in the estate.

■ We now consider this rule in the context of A & W's complaint. When Appellees challenged A & W's interest at the beginning of the hearing, A & W offered no evidence to prove that it had standing as an interested party. A & W did not request that the trial court take judicial notice of files in the main estate case or in any ancillary cases, nor does the record reflect that the trial court did so on its own motion. A & W called no witnesses and offered no sworn affidavits or certified documents to prove its allegations of standing. A & W thus failed to carry its burden of proof at the *in limine* hearing. Because Appellees timely challenged A & W's standing, and A & W failed to carry its burden of proof at the *in limine* proceeding, the trial court should not have reached the merits of A & W's allegations. However, because the trial court's order is otherwise correct, we hold that the probate court did not err in finding that A & W lacked standing as a matter of law to sue to remove Appellees. We overrule A & W's sole point on appeal and affirm the probate court's order.