In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00470-CV

_____

IN THE ESTATE OF CHAD ERIC MCDONALD

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 108647

MEMORANDUM OPINION

After receiving a notice of appeal in this probate proceeding, we stayed further proceedings in the trial court while the parties briefed whether we had jurisdiction to consider Johnsye McDonald's appeal from an order allowing Johnsye to participate in the case as a creditor of the estate, but not as a person interested in the welfare of Chad Eric McDonald's child. We conclude the order does not deny that the appellant, Johnsye McDonald, has standing to participate in the trial court as a person interested in Chad's estate, as the order expressly allows Johnsye the right to participate as a creditor in the proceedings before the court.

1

Thus, the orders at issue do not conclude a discrete phase of litigation regarding the estate and are not subject to interlocutory review on appeal. We dismiss the appeal for lack of jurisdiction.

Chad Eric McDonald died from injuries received in an industrial accident. In applications for letters of administration and to determine heirship, Kaylen Brooke Rankin alleged that she is Chad's wife and the mother of his child. Kaylen subsequently gave birth to another child, who may also be shown in further proceedings to be a beneficiary of Chad's estate. Kaylen also filed an application for a determination that she and Chad had an informal marriage.

In a competing application for independent administration and an application to determine heirship, Johnsye alleged that Chad was never married. Johnsye also alleged that he is interested in the estate because he was given possession of Chad's minor child by court order and because he paid Chad's funeral bills. Over Kaylen's objection, Johnsye applied to be the temporary administrator of Chad's estate. Johnsye demanded a jury trial. The County Judge transferred the case to the County Court at Law, and Kaylen filed a motion challenging Johnsye's standing to participate in the probate court proceedings. Kaylen also filed a motion to deposit funds into the registry of the court, in which the trial court was asked to use funds

Kaylen deposited into the court's registry to reimburse Johnsye for the expenses he advanced for Chad's funeral.

After finding that Johnsye had standing as a creditor of the estate to participate in the probate proceedings, the trial court signed an order denying Kaylen's motion to dismiss; but, in the same order, the trial court granted Kaylen's claim that Johnsye lacked standing to proceed as a person interested in the welfare of Chad's minor child. Subsequently, the trial court stayed all further discovery and ordered the county clerk to deposit the funds tendered by Kaylen into an account for Johnsye's use and benefit. In an order signed on October 9, 2013, the trial court struck Johnsye's jury demand. Johnsye filed a notice of appeal.

The general test for appealing probate orders states that if an express statute declares the phase of the probate proceedings at issue to be final and appealable, the statute controls. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.* We are to avoid constructions that defeat bona fide attempts to appeal. *See id.*

Kaylen contends that Johnsye's appeal is premature because the trial court has not yet entered a judgment declaring heirship. *See* Tex. Prob. Code Ann. §

55(a) (West 2003). Johnsye argues that the trial court's various orders finally disposed of his claimed interest in Chad's estate. *See* Tex. Prob. Code Ann. § 3(r) (West Supp. 2013).

An order sustaining a challenge to an applicant's interest in an estate may be appealed because it disposes of the merits of the issue of interest. *Womble v. Atkins*, 331 S.W.2d 294, 298 (Tex. 1960) ("A judgment of no interest . . . is in no sense interlocutory."). "To avoid ambiguity, if the motion to dismiss is granted, the order should reflect that the claim is dismissed." *In the Estate of Chapman*, 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.).

In this case, the trial court's order does not dismiss Johnsye's claim; rather, it allows him to participate as a creditor in the probate proceedings involving Chad's estate. The trial court's orders with respect to whether Johnsye has a right to participate as a party interested in the estate of Chad's child are not final, as the trial court could change its mind regarding its ruling on that matter prior to the trial. For instance, the trial court neither struck McDonald's pleadings nor dismissed his application to determine heirship or his application to administer Chad's estate. Because those claims are still before the trial court, the orders disposing of Johnsye's claims remain interlocutory. *See Crowson*, 897 S.W.2d at 783; *Chapman*, 315 S.W.3d at 165.

4

Because the trial court's orders have not disposed of all issues, and no statute declares the phase of the probate proceedings at issue to be final and appealable, we conclude that the orders Johnsye seeks to appeal are interlocutory. We hold that we do not have jurisdiction of Johnsye's appeal. We withdraw our order of October 23, 2013, and we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Opinion Delivered November 27, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.