Opinion issued December 31, 2019



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-18-00701-CV

————————————

**ANAHID PRIGMORE, Appellant**

**V.**

**TINA S. MANTOOTH, Appellees**

**On Appeal from the Probate Court No. 4**
**Harris County, Texas**
**Trial Court Case No. 449332**

## MEMORANDUM OPINION

This is a probate proceeding concerning the estate of Vahak A. Khoikan.

Appellant Anahid Prigmore is Khoikan's sister. Appellee Tina S. Mantooth was

Khoikan's common-law wife, and she is the mother of Khoikan's only child, J.K.,

a minor. Mantooth argues that this court lacks jurisdiction over this appeal because

the notice of appeal was untimely filed. We agree, and we dismiss this appeal for lack of jurisdiction.

**Background and Procedural History**

Vahak Khoikan died intestate on May 24, 2016, leaving an estate worth approximately $10 million. He was survived by his common-law wife, Mantooth; his son, J.K.; and his sister, Prigmore. Mantooth filed an application for determination of heirship and for letters of administration. The trial court appointed an attorney ad litem to represent the interest of any heirs who were unknown or under a legal disability, including J.K.

Prigmore filed a cross-application for letters of administration, seeking to be appointed administrator of the estate and asserting that, as J.K.'s paternal aunt, she was a person "interested" in his welfare. *See* TEX. EST. CODE § 22.018. Prigmore also filed an answer in "the interest of the decedent's minor son and for his protection as the sole heir" of Khoikan's estate. She specifically denied that Mantooth was Khoikan's spouse, but she admitted that J.K. was Khoikan's son and that she had no pecuniary interest in her brother's estate.

Mantooth filed a motion in limine challenging Prigmore's standing. She argued that Prigmore is not her brother's legal heir and that Prigmore was not otherwise an "interested person" because she did not represent J.K. in any capacity and she had no pecuniary interest in the estate or in J.K.'s welfare. On April 6,

2

2018, the trial court granted Mantooth's motion, dismissed Prigmore's cross-application for letters of administration, and struck Prigmore's pleadings from the record.

Also on April 6, the trial court signed: (1) a judgment declaring heirship and finding that Mantooth is Khoikan's surviving spouse and J.K. is his son; (2) an order approving a family settlement agreement and mutual release and appointing a permanent dependent administrator; (3) an order setting aside J.K.'s house as his homestead and ordering that it may not be used to satisfy any debts of the estate; (4) an order denying Prigmore's motion for discovery via subpoenas; and (5) an order denying Prigmore's motion for genetic testing of J.K.[1] On April 19, 2018, the trial court withdrew the April 6, 2018 judgment declaring heirship in order to correct an error, and it signed a new judgment declaring heirship. On May 4, 2018, Prigmore filed a motion for new trial, which was denied on May 15, 2018. On July 31, 2018, Prigmore filed a notice of appeal.

In her brief, Prigmore asserts that she is appealing from all the orders signed on April 6, 2018, as well as the April 19, 2018 judgment declaring heirship and the

---

[1] In her brief, Prigmore asserts that she is appealing from the order granting Mantooth's motion in limine as well as the following orders: (1) order setting aside homestead; (2) order denying motion for genetic testing; (3) order denying motion for limited discovery via subpoenas; (4) order approving family settlement agreement and mutual release and appointment of permanent dependent administrator; (5) judgment declaring heirship; and (6) order denying motion for new trial.

May 15, 2018 denial of her motion for new trial. In her brief, Prigmore argues that there is a disputed question of fact about whether Mantooth was Khoikan's common-law wife. Prigmore also argues that the trial court erred by holding that she lacked standing, and by "holding categorically that a blood relative without a pecuniary interest lacks standing" under section 22.018 of the Texas Estates Code.

## Jurisdiction

Mantooth asserts that this court lacks jurisdiction because the notice of appeal was untimely filed. In particular, Mantooth argues that the April 6, 2018 order granting the motion in limine, dismissing Prigmore's claims, and striking her pleadings was a final order for the purpose of appeal and that the July 31 notice of appeal was untimely. We agree.

Ordinarily, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). Because not every interlocutory order in a probate case is appealable, the Texas Supreme Court has adopted the following test for determining finality:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered

4

a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). An order that dismisses a probate application because the applicant lacks standing "is in no sense interlocutory."[2] *Womble v. Atkins*, 331 S.W.2d 294, 298 (1960). An order dismissing a party because she is not an interested person and therefore lacks standing is a final, appealable order. *Id.* at 297; *see In re Estate of Adams*, No. 14-12-00064-CV, 2013 WL 84925, at *2 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.) (holding that order granting plea to the jurisdiction was

---

[2] To file or contest a probate proceeding, a person must be "a person interested in the estate." *Womble v. Atkins*, 331 S.W.2d 294, 297–98 (Tex. 1960). A person who is not interested in the estate would be "an interloper" or a "mere meddlesome intruder," whose presence could "deprive real parties at interest of the right of partitioning their estates and of compromising and settling their controversies in or out of court." *Logan v. Thomason*, 202 S.W.2d 212, 217 (1947); *see In re Estate of Adams*, No. 14-12-00064-CV, 2013 WL 84925, at *3 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.) ("In the absence of such an interest, a contestant is a mere meddlesome intruder, and it is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein.").

The Estates Code defines "interested person" or "person interested" as "(1) an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered; and (2) anyone interested in the welfare of an incapacitated person, including a minor." TEX. EST. CODE § 22.018. The Texas Supreme Court has held that for a person to have standing in a probate matter, she must have a "pecuniary interest" in the estate that will be affected by the outcome of the proceeding. *See Ferreira v. Butler*, 575 S.W.3d 331, 334–35 (Tex. 2019); *Logan*, 202 S.W.2d at 216; *Estate of Adams*, 2013 WL 84925, at *3 ("[T]he only interest that confers standing to contest a will is a pecuniary one that will be affected by the probate or the defeat of the will.").

an appealable order); *In re Estate of Chapman*, 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.) ("An order dismissing a will contest because the contestant lacks standing is generally considered an appealable order."); *Rosin v. Berco & Leja Rosin Tr.*, No. 04-08-00601-CV, 2009 WL 1956386, at *2 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.); *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("A determination that the applicant lacks interest in the estate 'is in no sense interlocutory,' and is a final judgment.").

Prigmore argues that her notice of appeal was timely because the trial court finally adjudicated her claims on April 19, 2018. We disagree. The trial court granted the motion in limine, which determined that Prigmore lacked standing because she was not interested in Khoikan's estate, on April 6, 2018. That was a final judgment for the purposes of appeal. Within 30 days, Prigmore filed a motion for new trial, which extended the appellate deadline to 90 days from the date of the trial court's judgment, or Thursday, July 5, 2018. *See* TEX. R. CIV. P. 329b(a) (time for filing motion for new trial); TEX. R. APP. P. 26.1(a) (extending time for filing notice of appeal). Under *Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997), we imply a motion for extension of time, which extended the time for filing the notice of appeal to Friday, July 20, 2018. *See* TEX. R. APP. P. 26.3 (authorizing 15-day extension of time to file a notice of appeal). Prigmore filed a notice of appeal on

July 31, 2018, eleven days after the latest date on which she could have timely filed her notice of appeal. Our appellate jurisdiction was, therefore, not invoked to challenge the motion in limine.

Prigmore maintains that she is challenging the April 19, 2018 judgment declaring heirship in addition to the orders entered on April 6, 2018. She contends that her notice of appeal was timely based on the April 19 judgment date. Prigmore's notice of appeal was filed 103 days after April 19, which is within the period of 90 days plus a 15-day extension. But the order granting the motion in limine was not timely appealed, and therefore the trial court's judgment that Prigmore lacked standing became final and conclusive. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) ("Respondent permitted the judgment to become final by his failure to invoke the right of appeal."); *Kendrick v. Tidewater Oil Co.*, 387 S.W.2d 122, 126 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.) ("The portion of a judgment awarding a recovery to one party from which no appeal is taken is final on the appeal and all subsequent litigation."); *Shamburger v. Glenn*, 255 S.W. 815, 816 (Tex. Civ. App.—Amarillo 1923, no writ) (failure to appeal renders judgment final as to all parties not appealing). Although the notice of appeal was timely as to the April 19 judgment, Prigmore lacked standing to challenge it.

## Conclusion

We conclude that we lack jurisdiction over Prigmore's appeal of the April 6, 2018 order granting the motion in limine because she failed to timely appeal, and we further conclude that we lack jurisdiction over any challenge she has raised to orders or judgments entered after April 6, 2018 because she lacked standing to appeal.

Accordingly, we dismiss this appeal for lack of jurisdiction.



                                      Peter Kelly
                                      Justice

Panel consists of Chief Justice Radack and Justices Lloyd, and Kelly.