Jesse C. EARLES, Appellant,

v.

Pattie EARLES, Individually and as Independent Executrix of the Estate of John Earles, Deceased, Appellee.

No. 7779.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1968.

Rehearing Denied April 15, 1968.

Davis, Callaway & Marshall, Fort Worth, for appellant.

Saleh & Saleh, Lamesa, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment granted against Jesse C. Earles, contestant of a will offered for probate by the surviving widow of contestant's brother, John Earles. The widow-contestee is Mrs. Pattie Earles. The case was tried to the court on an in limine hearing on the question alone of whether Jesse C. Earles was a person interested in the John Earles' estate such as to entitle him to contest the probate of the will which left decedent's property to his surviving widow, Mrs. Pattie Earles.

Contestant's petition alleged that John Earles died on or about the 21st day of April, 1964, leaving a substantial estate " * * * consisting of real and personal property, both community and *separate*[1], situated in Lynn County, Texas, as well as neighboring counties."

Contestee joined issue in her answer with pleadings signed by her counsel to the effect " * * * that the said John Earles, deceased, *did not own any separate property,* either real, personal or mixed, at the time of his death; Jesse Earles * * * was in no manner named * * * in the last will or testament of the said John Earles * * * is not a person interested in the property or estate * * * and is not of the class of persons permitted by law to question the proceedings had in the estate of John Earles, * * * deceased." The pleading of contestee also shows that John Earles died without leaving any children.

The only question presented in the first seven points is whether Jesse C. Earles

1. All emphasis added.

showed such interest as to entitle him to contest the will, which he alleged in effect was signed at a time when decedent did not have testamentary capacity. He also alleged he was unduly influenced to sign the will, and in any event such will was revoked after it was made and prior to his death.

Sec. 10 of Texas Probate Code, V.A.T.S. in language substantially the same as former Art. 3315, Texas Revised Civil Statutes, 1925 provides: "Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits."

The Supreme Court of Texas in Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212 has held:

"In this and other jurisdictions where will contests are limited to 'persons interested in the estate of the testator,' the term 'person interested' has a well-defined but restricted meaning. The interest referred to must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will. In re Duffy's Estate, 228 Iowa 426, 292 N.W. 165, 128 A.L.R. 943."

The same court in Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037–1041 (Tex.Com. App., Sec. B, 1929, opinion adopted) after quoting the above named article from Texas Revised Civil Statutes, 1925, then said:

"This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof. It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter."

" * * * The burden is upon every person appearing to oppose the probate of a will to allege, and, if required, to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome intruder." Abrams v. Ross' Estate, 250 S.W. 1019 (Tex.Com.App., Sec. A, 1923).

Our Supreme Court has continued since the Probate Code was adopted to adhere to the same rules as those just related. In Womble v. Atkins, 160 Tex. 363, 331 S.W.2d 294 (1960) that court said: "It is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein", citing Newton v. Newton, 61 Tex. 511 and Sections 10 and 76, Texas Probate Code.

■ We must, therefore, determine if the record shows contestant was one of that class of persons interested in the subject estate such as to entitle him to contest the will.

■ The record (when both the testimony and pleadings are considered) shows decedent's mother and father are deceased and that contestant is the nearest blood kin

of decedent, John Earles, still surviving, and the sole and only heir at law except for decedent's widow, Pattie Earles. Therefore, if the will should be held invalid and the evidence shows on the trial of the case on the contest thereof that part of the property left by decedent was his separate property at the time of his death, contestant would inherit one-half of such real property under the law of descent and distribution. Sec. 38 (b)–2 Probate Code of Texas. This would be in the event the testimony establishes contestant's pleading to the effect that he was the nearest blood kin of decedent surviving and the sole and only heir at law. In any event he would have some interest if part of decedent's property was separate property were it not for the will he is contesting. Therefore, we must determine if the evidence shows decedent left some separate property.

The testimony shows without contradiction that the mother and father of contestant and decedent died intestate between 1933 and 1937 leaving to three children a 160-acre farm at Ponder. Decedent's one-third interest would have been his separate property. Art. 4613, V.T.C.S.; Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565 (1961).

Our court has held that when a state of facts such as seisin of land is shown to exist, the presumption is that it continues to exist until the contrary is shown. Hill & Jahns v. Lofton, 165 S.W. 67, 69 (Tex. Civ.App., Amarillo, 1914, writ ref'd). There the plaintiff brought suit in trespass to try title and one of the instruments relied upon for his title was a deed from Fred P. Jahns and wife to Helen Schell, who apparently had died while living in New York. One of the contentions made in the appeal was the lack of evidence in the trial that Helen Schell died seised of the land in question. Our court held under such circumstances that: "When a state of facts is shown to exist, the presumption is that it continues to exist until it is shown by evidence to the contrary." Contestant showed the inheritance of land by his brother but contestee was not placed on the stand to rebut the fact, to show what became of the separate property, how long she had lived with decedent, or to establish any facts alleged in her in limine trial answer. In fact, she offered no evidence of any type from any witnesses.

Our Supreme Court has held in a will contest that: "Nondisclosure of material data may be circumstantially indicative of the truth of the adverse party's charge. The facts in evidence may disclose a duty to speak and impress upon silence an admissive character." Craycroft v. Crawford, 285 S.W. 275 (Tex.Com.App., Sec. A, 1926, opinion adopted). We believe this case is one which should require more elucidation on the facts.

Appellee states by brief that " * * * the only proof by contestant insofar as interest is concerned, was that he was a brother of testator". The record does not support such statement. As heretofore stated, the proof is made that the decedent owned real property acquired under the law of descent and distribution when his mother and father died intestate. For some reason not shown in the record contestee attached a copy of an opinion from the Fort Worth Intermediate Appellate Court upholding a judgment she had won in Denton County against contestant involving a 180-acre farm. We see no inference which could be drawn from that opinion affecting the real property acquired by decedent from the estate of his mother and father, which shows to have been a one-third interest in a 160-acre farm.

We believe from the authorities cited and the facts stated that contestant showed such interest as to entitle him to contest the will. The only burden required was for him to prove interest by a preponderance of the evidence. Since appellee made the decision to remain silent we believe that burden was discharged. Accordingly, the judgment of the trial court

is reversed and remanded for a trial on the merits, if any, of the contest.

## "ON MOTION FOR REHEARING"

We are taken to task in "APPELLEES' MOTION FOR REHEARING" for making application of Craycroft v. Crawford, supra, to the instant case. Appellee contends we have indulged presumptions in holding there was some probative evidence to show only such interest as to entitle appellant to contest the will.

 We respectfully suggest that appellant has overlooked the fact that evidence was introduced to show decedent inherited some separate property from his parents. That placed separate property in his ownership subsequent to his death. Since no evidence was offered to show he had lost or squandered his inheritance, we feel we are bound by those cases such as Hill & Jahns v. Lofton, supra, cited in our original opinion and Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699, 703 (1959). In the last cited case where the evidence showed different persons had owned in the past certain interests in the property involved, the Supreme Court held: "The ownership having been thus established, it will be presumed that such ownership continued, unless the contrary be shown," citing Hill & Jahns v. Lofton, supra; Sanders v. Farrier, 271 S.W. 293 (Tex.Civ.App.–Texarkana, 1925, writ dismissed); McCormick & Ray, Sec. 41, p. 64, 20 Am.Jur. Evidence, Sec. 207, p. 205.

We believe this is exactly the type case to apply the rule of Craycroft v. Crawford, supra. The contestee pleaded "* * John Earles, deceased, did not own any separate property * * * at the time of his death." The record shows without contradiction that he inherited separate property before his death. He may have added other land to the separate real property he inherited, or he may have sold it and purchased land in West Texas. We find no authority requiring contestant to trace the separate property once he has placed it in decedent. To the contrary, our Supreme Court in *DAHLBERG* held ownership once established is to continue unless the contrary be shown. We have indulged only the presumption stated by the Supreme Court.

Accordingly, the motion for rehearing is overruled.