Carl Kenneth SHEFFIELD and Beverly Sheffield Tipton, Appellants,

v.

William H. SCOTT, Independent Executor, Appellee.

No. B2637.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 27, 1981.

Rehearing Denied July 29, 1981.

Louis M. Moore, Houston, for appellants.

Taylor Moore, Browne & Moore, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and MILLER, JJ.

COULSON, Justice.

This is an appeal from an order of the probate court dismissing a will contest. Appellants, Carl Kenneth Sheffield and Beverly Sheffield Tipton, sued appellee, William H. Scott, Jr., individually and as Independent Executor of the estate of Vivian Kent Vilven. We affirm.

Vivian Kent Vilven, the testatrix, died on December 14, 1978, leaving a total gross estate of $987,728.38. Her husband had predeceased her and she had no children. Her closest relatives were her nephew, Carl Kenneth Sheffield, and her niece, Beverly Sheffield Tipton, the children of her late sister. William H. Scott, Jr., appellee herein, had been her attorney for a number of years. Appellee had drafted the will of testatrix which was executed on July 15, 1977. The will provided that appellee be the Independent Executor. Testatrix left the substantial portion of her estate to appellant Tipton. This bequest included her home, clothing, furniture, silverware, and jewelry. The will directed that trusts be established for the benefit of Tipton's two minor children. Testatrix devised her automobile to appellant Sheffield and a diamond ring to appellee Scott. After satisfaction of other specific bequests, the remaining assets of the estate were devised to appellants Sheffield and Tipton and appellee Scott, share and share alike. The will provided if a beneficiary contested the will, all devises to him or her would be forfeited and the property would pass as part of the residuary estate.

Appellee was appointed Independent Executor and received letters testamentary on January 2, 1979. On January 11, 1979, appellee sent the Texas Certificate of Title to the deceased's 1978 Cadillac to appellant Sheffield. Appellee stated in the accompanying letter that he had executed the title on the reverse side in order to convey the title to Sheffield and that this was in satisfaction of a specific bequest under the will. Appellant Tipton delivered to appellee the diamond ring that testatrix had devised to appellee. The trusts established for the benefit of Tipton's children were also fund-

ed. Certificates of deposit were purchased for the children's benefit with Sheffield and Scott as trustees, as provided by the will. Tipton also took possession of some of the household furniture and other personal property that had belonged to testatrix.

In July 1979 Sheffield and Tipton filed a petition in the matter of the estate of Vivian Kent Vilven entitled "Petition Brought to Ascertain the Intention of Vivian Kent Vilven, Testatrix and the Extent of the Devise and Then, to Enforce the Terms of Her Will in Accordance Therewith." Appellants asserted that the portions of the will conferring benefits on appellee were void due to undue influence exerted by appellee upon testatrix. Appellee filed a motion to dismiss the cause of action, claiming that appellants were not "interested persons" under the Texas Probate Code. After an in limine hearing, the probate court dismissed the cause.

▮ Appellants claim the trial court erred in denying them the right of trial by jury. Appellants rely on § 21 of the Texas Probate Code which states in pertinent part, "In all contested probate . . . proceedings . . . , the parties shall be entitled to trial by jury as in other civil actions." Tex. Prob.Code Ann. § 21 (Vernon 1980). The probate judge heard appellee's motion to require a showing of interest as a motion in limine. Appellants argue that § 21 confers upon appellants the right to have a jury determine the question of interest. We disagree. It is well settled in Texas that before one may prosecute a proceeding to probate a will or contest such a proceeding, he must prove that he is a person interested in the estate. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960). The Texas courts have established that the proper procedure to follow on the issue of interest of a contestant is to try the issue separately in an in limine proceeding and in advance of a trial of the issues affecting the validity of the will. *Id., Chalmers v. Gumm*, 137 Tex. 467, 154 S.W.2d 640 (1941). *Newton · v. Newton*, 61 Tex. 511 (1884). Such in limine proceeding is conducted before the court without a jury. In this case the court cor-

rectly decided to hear the matter on appellee's motion to require a showing of interest as a motion in limine. If the court had found appellants to be "interested persons," it would have proceeded to a jury trial on the undue influence issue. This point of error is overruled.

Appellants' remaining points of error concern the alleged error of the trial court in rendering judgment that appellants were not interested parties because (1) appellants had a dual capacity as heirs and beneficiaries, (2) appellee was estopped to raise the issue of appellants' interest, (3) there was no evidence, insufficient evidence or the finding that appellants had accepted benefits under the will with knowledge of their rights was so against the great weight and preponderance of the evidence so as to be manifestly wrong and unjust, and (4) appellants had made an effective tender or return of properties received by them as beneficiaries.

The Texas Probate Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against the estate being administered . . . ." Tex.Prob.Code Ann. § 3(r) (Vernon 1980). If this definition was applied in a vacuum, appellants would clearly be "interested persons" since they were heirs of testatrix and beneficiaries under her will. However, the Texas courts have somewhat restricted the application of the term "interested persons." A leading Texas case on the issue of interest is *Trevino v. Turcotte*, 564 S.W.2d 682 (Tex.1978). In one appeal of the case, the Court of Civil Appeals stated:

> Prima facie, appellants' pleadings were legally sufficient to clothe them with the necessary "interest" to contest the will. Appellees admitted that Edgar Turcotte, initially, was a person interested in the East estate. But they argue, in effect, that his interest was relinquished by his acts as an executor of the 1960 will, and by his acceptance of benefits under that will. This, they say, estopped appellants from contesting the will. Had the motion to require appellants to prove their

interest been presented to the trial court in limine, appellants would have been required to put on proof "then and there", in an in limine proceeding that their interest had not been relinquished. *Turcotte v. Trevino*, 499 S.W.2d 705, 720 (Tex.Civ.App.-Corpus Christi 1973, no writ). Thus the courts have required a showing of interest in an in limine proceeding and the issues of acceptance of benefits, estoppel, and relinquishment of interest, can be involved in the determination of interest. We must determine if the evidence supports the trial court's conclusion of law that plaintiffs, "having taken and accepted benefits under the terms of the will with due knowledge of their rights are not interested parties to contest the will."

Several findings of fact filed by the trial court related to property which was devised by testatrix. The court found that Sheffield had and still has exclusive possession of the automobile bequeathed to him by the will. This finding is supported by Sheffield's own testimony. Also supported by the evidence are the court findings that Tipton has possession of the deceased's jewelry and furniture, Tipton and Sheffield had the use of cash from the estate, trusts were created under the will in favor of Tipton's children, and the trusts were funded with estate monies. After accepting these benefits that appellants would not have received but for the will of testatrix, they want to contest other portions of the will. When the Texas Supreme Court addressed the issue of estoppel by the acceptance of benefits, it stated:

> It is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will.

*Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978).

Appellants attempt to avoid this rule by claiming they had no knowledge of their rights at the time they accepted the benefits. This argument is without merit.

Whether appellants had knowledge of all the facts and of all their rights at the moment they accepted the benefits is immaterial to a determination that they, by their acts and conduct after acceptance, became estopped to contest the will. *Id.* at 686. The evidence clearly shows that Sheffield and Tipton had accepted benefits under the will and have never returned or tendered a return of the properties accepted. Therefore we overrule appellants' points of error.

We are not addressing complaints raised in appellants' points of error relating to the no contest clause in the will and an alleged breach of fiduciary relationship by appellee. These issues are not properly triable in the in limine proceeding on interest and the trial court correctly restricted the hearing to the issue of interest. Had the trial court found that appellants were "interested parties" with standing to contest the will, appellants could have proceeded in a jury trial with evidence on such issues.

Affirmed.

## ON REHEARING

On motion for rehearing, appellants claim this court erred in not addressing their allegations that a fiduciary relationship existed between appellants and appellee Scott. We adhere to our prior decision that this issue is not properly reached in an in limine proceeding on the question of interest to contest the will. Furthermore, there is no evidence in the record that appellee Scott was the attorney for appellants in matters relating to testatrix's will. Appellants' own testimony was that they were suspicious of appellee, intimidated by appellee, and fearful of appellee from the time they first read the will. Appellants then claim here that they relied on appellee for legal advice and he breached his duty to them by not explaining their rights in connection with the will. The record does not support appellants' claim that appellee owed them any duty or that a fiduciary relationship existed between appellants and appellee.

Appellants' motion for rehearing is overruled.