M.W. PLUMMER, Appellant,

v.

Altemeta ROBERSON, Appellee.

No. 13756.

Court of Appeals of Texas,
Austin.

Feb. 29, 1984.

Marshall W. Watkins, Watkins & Williams, Houston, for appellant.

Armond G. Schwartz, Schwartz & Schwartz, Hallettsville, for appellee.

Before SHANNON, POWERS and BRADY, JJ.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court, handed down on November 23, 1983, is withdrawn and this opinion replaces it.

Appellant Matthew W. Plummer seeks to set aside the judgment of the district court

of Fayette County admitting to probate a 1977 will executed by Ada M. Moore. This Court will reverse the judgment of the district court.

Ada M. Moore died on January 3, 1979. Appellee Altemeta Roberson filed Ada M. Moore's will for probate in the county court of Fayette County. That will was dated November 17, 1977, and Roberson was named independent executrix therein. Biffy Poole filed a contest to the probate of the 1977 will claiming that Ada Moore lacked testamentary capacity or that the will was the result of undue influence.

After Biffy Poole's contest was filed, Roberson moved the county court, pursuant to Tex.Prob.Code § 5 (1980), to transfer the probate proceeding to the district court of Fayette County. In February, 1979, the county court ordered the probate proceeding transferred to district court.

Appellant Plummer, likewise, filed a will of Ada M. Moore for probate in the Fayette county court. That will was dated October 10, 1968 and Plummer was named executor. The county court transferred Plummer's probate application to the district court of Fayette County. Thereafter, Plummer filed and the district court granted a motion to consolidate the two probate proceedings.

Before trial on the merits, Roberson filed a motion to dismiss Plummer's claim for want of interest. After hearing, the district court ordered Plummer dismissed from the lawsuit, reciting in the order that at the hearing on the motion Plummer offered no evidence or authority "in behalf of standing." After Plummer's dismissal, Roberson and Biffy Poole settled their differences and, based upon the settlement agreement, the district court rendered judgment admitting the 1977 will to probate.

Plummer's complaint on appeal is that the district court erred in granting Roberson's motion to dismiss Plummer for want of interest.

▆ In defense of the order of dismissal, Roberson relies upon the rule which provides that when proper demand is made, one asserting the right to probate or contest a will is first required to establish an interest in the affected estate. *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294 (1960); *Sheffield v. Scott,* 620 S.W.2d 691 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Turcotte v. Trevino,* 499 S.W.2d 705 (Tex.Civ. App.1973, no writ); *Earles v. Earles,* 428 S.W.2d 104 (Tex.Civ.App.1968, no writ). The rule is grounded in the policy against allowing one having no interest in a decedent's estate to meddle therein. *Womble v. Atkins, supra.* Roberson then directs our attention to Tex.Prob.Code Ann. §§ 93 and 3(r).[1] Section 10 of the Probate Code provides any person interested in an estate may contest any issue before that issue is determined by the court, whereas § 3(r) defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." Roberson next states, correctly, that Plummer did not tender evidence at the hearing or plead, in any manner, that he was an heir, devisee, spouse, or creditor of Ada Moore or that he had a property right in, or claim against, her estate. It does not follow, however, that the district court should have dismissed Plummer from the proceeding.

▆ Texas Prob.Code Ann. § 75 requires one having custody of a testator's will to deliver it to the clerk of the court which has jurisdiction of the estate. Section 76 allows an executor named in a will to make application to the proper court for an order admitting it to probate. Finally, where an original application for probate has not been heard, and an application for the probate of a different will of the decedent is filed, the court should hear both applications together and determine what instrument, if any, should be admitted to probate. Tex.Prob.Code Ann. § 83(a).

1. Section 93 provides any "interested person" may contest the validity of a "will *admitted* to probate." (Emphasis added) Roberson proba-

bly intended to rely upon § 10 of the Probate Code.

When Roberson filed the motion to dismiss, Plummer was a party to a consolidated proceeding in district court to determine which of two writings was the last will and testament of Ada M. Moore. Plummer was named executor in the 1968 will, while Roberson was named executrix in the 1977 will. Since Plummer had custody of the 1968 will, it was his duty to deliver it to the county clerk, Tex.Prob. Code Ann. § 75, and as executor named in the 1968 will, he was authorized to make application for its probate. Tex.Prob.Code Ann. § 76. Because the district court had not heard Roberson's application for probate and Biffy Poole's contest at the time of filing of Plummer's application, the district court properly consolidated both applications. Tex.Prob.Code Ann. § 83(a).

The provisions of the Probate Code, mentioned above, contemplate that the executor certainly has the right, if not the duty, to tender the will for probate. The Probate Code recognizes, as well, the common problem of the decedent leaving more than one will and provides the procedural mechanism for hearing competing applications in one proceeding. These provisions, independent of § 10, empowered Plummer, as named executor, to apply for probate of the earlier will. Plummer's application for probate of the 1968 will as executor, without more, was sufficient to permit him to remain in the proceeding.

This Court has examined the cases relied upon by Roberson, but is convinced that those cases are inapposite to the issues in this appeal.[2]

The district court should have heard both applications and the contest together and determined which writing, if any, should have been admitted to probate, or whether Ada M. Moore died intestate. Tex.Prob. Code Ann. § 83(a).

On motion for rehearing Roberson suggests that our opinion is erroneous in that the transcript does not show that Plummer's application to probate the 1968 will, along with that will, was filed by the district clerk of Fayette County. Although it is true that the district clerk's file mark does not appear on Plummer's application to probate the 1968 will, this Court will overrule Roberson's contention.

Plummer originally filed the 1968 will and the application to probate in the county court of Fayette County. Plummer then moved the county court to transfer the probate proceeding to the district court of Fayette County. In response to the county judge's order, the county clerk transferred the proceeding and signed a certificate to that effect which appears of record. A similar certificate acknowledging receipt of the transferred documents from county court was signed by the district clerk and likewise appears of record.

Plummer later filed in district court his motion to consolidate the application to probate the 1968 will with the probate application filed by Roberson. The district court granted the motion and consolidated the two probate proceedings.

Further, the 1968 will and its application to probate were included in the transcript prepared for this appeal. The transcript's certificate, signed by the district clerk, indicated that the papers in the transcript (including the 1968 will and its application to probate) were "on file" and "of record."

Roberson's contention is without merit. It has long been law that an instrument is deemed filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument. *Standard Fire Ins. Co. v. La Coke*, 585 S.W.2d 678 (Tex.1979); *Holman v. Che-*

---

2. *Womble v. Atkins, supra*, (contestant's valid release of the decedent's estate eliminated any interest which the contestant would otherwise have had in contesting decedent's will); *Sheffield v. Scott, supra*, (contestants having taken and accepted benefits under the terms of the will with due knowledge of their rights, not interested parties to contest the will); *Turcotte*

*v. Trevino, supra*, (contestants' interest challenged on the basis that contestants were estopped to contest the will by virtue of having received benefits thereunder); *Earles v. Earles, supra*, (contestant's interest to contest brother's will established in that he would take by intestate succession half of decedent's separate real property, if decedent's will was invalidated).

*vaillier,* 14 Tex. 337 (1855). Moreover, it is evident that the parties, the clerks, and the court regarded and treated the application to probate the 1968 will, and the will, as having been filed with the district clerk.

The judgment of the district court is reversed, and the cause is remanded to the district court for trial on the merits.