

# THE ATTORNEY GENERAL
## OF TEXAS

June 25, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll          Opinion No. JM-727
Harris County Attorney
1001 Preston, Suite 634          Re: Duty of district clerk to file
Houston, Texas    77002          and   docket   improperly   tendered
                                 documents

Dear Mr. Driscoll:

You have requested our opinion on a number of questions relating to the duty of the district clerk in connection with the filing and docketing of improperly tendered documents. A number of the questions you have asked are not accompanied by a brief giving the conclusion of the briefer and the reason which support his views. See V.T.C.S. art. 4399, §(c)(1). Consequently, they are not in compliance with article 4399, section (c)(1), V.T.C.S., and we have not attempted to answer these questions.

We address the following questions:

> 1. If a document is tendered without a statutory fee prescribed by section 51.317 of the Government Code and/or affidavit of inability to pay costs in accordance with 145, Texas Rules of Civil Procedure, and/or other applicable rules and statutes, is the document 'filed' upon such tender?

In Arndt v. Arndt, 709 S.W.2d 281 (Tex. App. - Houston [14th Dist.] 1986, no writ), the court stated:

> The longstanding rule in Texas is that documents are filed with the district clerk when tendered. E.g., Hanover Fire Insurance Co. v. Shrader, 33 S.W. 112 (Tex. 1895); Beal v. Alexander, 6 Tex. 532 (Tex. 1838); Plummer v. Roberson, 666 S.W.2d 656 (Tex. App. - Austin 1984, writ ref'd n.r.e.). The purpose of the rule is to protect a diligent party from being penalized by the error or omission of a court clerk. Standard Fire Ins. Co. v. La Coke, 585 S.W.2d 678 (Tex. 1979).

We have discovered no case involving the failure or refusal of a clerk to file a document because fees were not tendered. One case does qualify the rule in that respect, however. In Civil Service Commission of Lufkin v. Crager, the court noted a document was filed when tendered 'in the absence of some statute providing that fees be paid or some other thing done [sic] or performed before filing.' 384 S.W.2d 381, 383 (Tex. Civ. App. - Beaumont 1964, writ ref'd n.r.e.).

The statute governing fees for filing, art. 3927, was amended June 3, 1985, effective September 1, 1985. On June 13, 1985, the legislature enacted §51.317 of the Government Code, replacing and repealing art. 3927, effective September 1, 1985. The saving provision of the Government Code, §311.031, provides, however, that 'the repeal of a statute by a code does not affect an amendment . . . of the statute by the same legislature that enacted the code. The amendment . . . is preserved and given effect as part of the code provision that revised the statute so amended. . . .'

Section 51.317 provides '[t]he district clerk shall collect at the time the suit or action is filed the fees provided by Subsection (b) of the section for services performed by the clerk. . . . (b) The fees are . . . motion for new trial . . . $15.' Art. 3927, as amended, reads, in relevant portions, as follows: 'The clerks of the district courts shall receive the following fees for their services: (1) the fees shall be due and payable, and shall be paid at the time the suit or action is filed . . . motion for new trial . . . $15.' Art. 3927 has had that same wording since 1969.

It is apparently the attempted change from the passive to active voice in the statute -- from 'shall receive . . . the fees . . . [which] shall be paid' to 'shall collect . . . the fees' -- that has led to the practice in at least one district of refusing to filestamp documents until fees are tendered.

We note, however, the time limit when fees are due is unchanged. They are due 'at the time the suit or action is filed,' a phrase not

> particularly meaningful to a motion for new trial.
> While we firmly believe fees due to a clerk should
> be paid promptly, we nonetheless are reluctant to
> change a long-standing rule without a clearly
> worded statute, unhampered by a preserved amend-
> ment, mandating such a change. We, accordingly,
> decline to do so, even though the legislature by
> its enactment of §51.317 may have intended to
> assist court clerks in the sometimes onerous task
> of fee collection. (Emphasis in original).

709 S.W.2d at 282.

Accordingly, it is our opinion that documents are filed with the district clerk when they are tendered.

> 6. Where the pleadings or instruments tendered
> for filing have sufficient fees, is the district
> clerk required to file such documents if no
> signature of the attorney/pro se is on the
> pleading or instrument as required under Tex. R.
> Civ. Proc. 45(d), 57, 78 and 83?

Rule 45 of the Texas Rules of Civil Procedure, provides:

> Pleadings in the district and county courts shall
>
> (d) Be in writing, signed by the party or his
> attorney, and be filed with the clerk.

Rule 57 of the Texas Rules of Civil Procedure states:

> Every pleading of a party represented by an
> attorney shall be signed by at least one attorney
> of record in his individual name, whose address
> shall be stated. A party who is not represented
> by an attorney shall sign his pleading and state
> his address.

In Frank v. Corbett, 682 S.W.2d 587 (Tex. App. - Waco 1984, no writ), the court said:

> The answer should have been signed by appellant or
> his attorney, Rules 45 and 57, Vernon's Tex. Rules
> Civ. Proc., but this signing is only a formal
> requisite and the lack of it did not affect the
> efficacy of the answer as a contest of appellee's
> suit. W.C. Turnbow Petroleum Corporation v.
> Fulton, 194 S.W.2d 256, 257 (1946).

682 S.W.2d at 588.   The courts and this office have repeatedly characterized the powers and duties of the district clerk and county clerk as ministerial functions.  See Benge v. Foster, 47 S.W.2d 862 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Attorney General Opinion Nos. JM-694 (1987); JM-166 (1984); cf. Attorney General Opinion JM-533 (1986).   It is our opinion that the clerk should file the pleading even though the signature of the attorney (or the party not represented by an attorney) is not on the pleading.

> 8.   Where a signature appears on the original or responsive pleading, and a copy of the said pleading without a signature is filed by the party to be sent with citation, is the district clerk required to conform the unsigned copy before sending citation for service by a constable or sheriff?

Rule 101 of the Texas Rules of Civil Procedure provides:

> The party filing any pleading upon which citation is to be had shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when the copies are so furnished the clerk shall make no charge therefor.

Rule 101 provides that the party filing the pleading "shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties." We believe that it is not the function of the clerk to add to or delete anything from the copies of petitions furnished by the party pursuant to Rule 101. We believe our answer to this query is dispositive of your questions numbered 10 and 11 in which you ask:

> 10.   Where documents are presented for filing with sufficient fees, is the district clerk required to file them if a signature, required to be verified or sworn to, is not so verified or sworn to?

> 11.   Where documents are presented for filing with proper fees, is the district clerk required to accept for filing the same where an exhibit, affidavit or other instrument filed under Rule 59 of the Texas Rules of Civil Procedure is stated as being attached but is not in fact attached?

An exception to our foregoing conclusion occurs when pleadings are misnumbered.   See also Prop. Code §11.004 (county clerk must

record instruments that are properly acknowledged according to law). The Texas Rules of Civil Procedure state:

> Rule 23.
>
> It shall be the duty of the clerk to designate the suits by regular consecutive numbers, called file numbers, and he shall mark on each paper in every case the file number of the cause.
>
> Rule 24.
>
> When a petition is filed with the clerk he shall indorse thereon the file number, the day on which it was filed and the time of filing, and sign his name officially thereto.

We believe these rules provide the answer to the following question:

> 12. Where documents are presented for filing with proper filing fees, or where no fee is required, and where the case number is mis-numbered, which misnumber may be the case number of another unrelated case,
>
> (a) What duty, if any, does the district clerk have in identifying the proper case number?

In your last question you ask:

> 14. Where no copies or an insufficient number of copies are furnished at the time a request for service of citation occurs, may the district clerk make the necessary copies, issue process, and send a fee bill at the time the service is performed to the requesting party?

Rule 101 of the Texas Rules of Civil Procedure in setting forth the requisites of a citation states:

> It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition. . . . The party filing any pleading upon which citation is to be had

shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, <u>and when the copies are so furnished the clerk shall make no charge therefor.</u> (Emphasis added).

We are of the opinion that when no copies or insufficient numbers of copies of the petition are furnished by the party, the clerk may make the necessary copies and make a charge therefor.

## S U M M A R Y

Documents are filed when they are tendered to the district clerk. <u>Arndt v. Arndt</u>, 709 S.W.2d 281 (Tex. App. - Houston [14th Dist] 1986, no writ). The clerk should file the pleading even though the signature of the attorney (or the party not represented by an attorney) is not on the pleadings. <u>See</u> <u>Frank v. Corbett</u>, 682 S.W.2d 587 (Tex. App. - Waco 1984, no writ). The district clerk should not add to or delete anything from the copies of documents furnished by a party except that the clerk should endorse the correct file number thereon. Rules 101, 23 and 24 of the Texas Rules of Civil Procedure. When no copies or insufficient copies of the petition are furnished by a party, the clerk may make the copies and make a charge therefor. Tex. R. Civ. Proc. 101.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General