IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00227-CV

 

Patrick L. Mays, individually

and in his capacity as former

executor of the estate of

maudie r. mays davenport,

                                                                      Appellant

 v.

 

Linda Ross,

                                                                      Appellee

 

 

 



From the County
Court at Law

Ellis County, Texas

Trial Court # 01-E-2213

 



MEMORANDUM  Opinion



 

          Patrick Mays filed an application to
probate the June 2000 will of Maudie R. Mays Davenport, Deceased.  Linda Ross filed a will contest alleging that
Davenport had revoked her June 2000 will by executing a holographic will in
July 2001.  A jury found that the July
2001 will was Davenport’s last will
and testament.  The trial court signed a
judgment in accordance with the jury’s verdict, admitted the July 2001 will to
probate, and appointed Ross as dependant administratrix of the estate with will
annexed in accordance with the terms of the will.

          Mays appeals on five issues: (1)
whether it was error for the court reporter to have not transcribed Mays’s
objections to Ross’s filing of a disclaimer; (2) whether the court reporter’s
error prevented Mays from presenting an issue on appeal; (3) whether Ross’s
filing of a disclaimer within seven days of trial caused surprise and
prejudice; (4) whether there was extrinsic fraud; and (5) whether the court has
lost jurisdiction as a result of Ross’s disclaimer.

          We will overrule the issues and affirm
the judgment.

BACKGROUND

          Mays previously filed a motion with
this court requesting abatement for a hearing in the trial court to correct
inaccuracies in the reporter’s record.  See Tex.
R. App. P. 34.6(e).  Mays
contended that the reporter’s record was inaccurate because it did not reflect
that he objected to Ross’s filing of a disclaimer of any interest in the estate
under section 37A of the Probate Code.  See Tex.
Prob. Code Ann. § 37A (Vernon 2003). 
We abated the appeal to the trial court for a hearing on the issue.  The trial court ordered the court reporter to
insert Mays’s trial counsel’s objection to the disclaimer and the trial court’s
overruling of that objection.  As to the
substance of Mays’s objection, the record, as corrected, states only that there
was a bench conference off the record.

Court Reporter

          Mays’s first two issues contend that
it was error for the court reporter to have not transcribed Mays’s objections,
during a bench conference, to Ross’s filing of a disclaimer and that this error
prevented Mays from presenting an issue on appeal.  Rule 13.1 of the Texas Rules of Appellate
Procedure states in part that the official court reporter must “attend court sessions
and make a full record of the proceedings unless excused by agreement of the
parties.”  Tex. R. App. P. 13.1. 
However, under these circumstances, we believe that the omission has not
operated to Mays’s detriment.  His
objection is now in the record, and we will consider it in the appeal.

          We overrule these issues. 

Ross’s
Disclaimer

          Mays
argues in issue three that the trial court abused its discretion by allowing
Ross to file a disclaimer after voir dire and before opening statements.  Mays argues that filing a disclaimer is
governed by Rule 63, which states that “any pleadings, responses or pleas
offered for filing within seven days of the date of trial or thereafter . . . shall
be filed only after leave of the judge is obtained, which leave shall be
granted by the judge unless there is a showing that such filing will operate as
a surprise to the opposite party.”  Tex. R. Civ. P. 63.  The disclaimer was not a “pleading” in the
sense that it was a petition or answer.  Id. 45. 
It did not seek relief from the court. 
Id. 47.  It did not amend an
earlier pleading.  Id. 63. 
Thus, we conclude that Rule 63’s time limit did not apply to the
disclaimer.  Id.  Accordingly, the trial
court did not err by overruling Mays’s objection.

          We
overrule this issue.

Extrinsic
Fraud

          In issue four, Mays contends that Ross’s disclaimer was ineffective
and that her representations that she had never received any monetary benefits
or gain from the estate were fraudulent. 
The basis for the assertions of fraud were facts Mays alleges he learned
“subsequent to the trial.”  This issue is
not properly before us.  Generally, the
mode for obtaining equitable relief from a judgment obtained by extrinsic fraud is by bill of review.  Crouch
v. McGaw, 134 Tex. 633, 638,
138 S.W.2d 94 (1940).  We overrule this issue.

Jurisdiction

          Mays
contends that the trial court lost jurisdiction to hear Ross’s contest of the
will after she filed her disclaimer of any pecuniary interest in the
estate.  Mays argues that by disclaiming
such interest in the will, Ross lost standing to continue the suit.  However, Ross is the named executor of the holographic
will.  An executor may tender a will for
probate.  See Plummer v. Robertson, 666 S.W.2d 656, 658 (Tex. App.—Austin
1984); see also Logan
v. Thomason, 202
S.W.2d 212, 215 (Tex. 1947).  We overrule this
issue.

CONCLUSION

          Having
overruled all of the issues, we affirm the judgment.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed November
 3, 2004

[CV06]