**Rupert M. POLLARD, Appellant,**

v.

**Matthew R. POLLARD, Independent Executor of the Estate of Marie A. Merkel, Appellee.**

No. 05–08–00770–CV.

Court of Appeals of Texas, Dallas.

March 27, 2009.

Rupert M. Pollard, Dallas, pro se.

R.W. Calloway, Scott D. Weber, Calloway, Norris, Burdette & Weber, Dallas, for appellee.

Before Justices RICHTER, LANG, and MURPHY.

**OPINION**

Opinion By Justice MURPHY.

This is an appeal from the probate court's order denying appellant Rupert M.

Pollard's motion to vacate an order dismissing his unsecured claims filed under section 147 of the probate code. In three issues, Pollard contends (1) the trial court's order of dismissal was interlocutory and not subject to appeal, (2) the trial court erred in granting the special exceptions of appellee Matthew R. Pollard, independent executor of the Estate of Marie A. Merkel, and dismissing Pollard's claims with prejudice, and (3) the trial court's order denying his motion to vacate was not a final judgment for purposes of appeal. We dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Pollard filed this ancillary lawsuit in the probate court against the Executor following rejection of his unsecured claims against the Estate of Marie A. Merkel. *See* TEX. PROB.CODE ANN. §§ 146, 147 (Vernon 2003). At the time he answered the lawsuit, the Executor filed a counterclaim against Pollard for conversion of estate assets and filed special exceptions to Pollard's petition.

Pollard amended his petition, and the Executor again filed special exceptions which were heard on April 26, 2006. The trial court granted the special exceptions and ordered Pollard to replead by May 3, 2006, warning that failure to do so would result in dismissal. Pollard failed to amend by the deadline and, by order dated May 10, 2006, the trial court dismissed Pollard's claims with prejudice.

Almost two years later, on April 18, 2008, Pollard filed his motion to vacate the May 10, 2006 order of dismissal. The trial court denied the motion by order dated May 7, 2008, and Pollard filed this appeal.

## ANALYSIS

We initially address Pollard's first and third issues in which he claims neither the dismissal order nor the order denying his motion to vacate the dismissal was a final, appealable order. The Executor responds that the dismissal order was final and appealable and Pollard failed to perfect his appeal in the thirty days allowed for appeals and post-judgment motions. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b(g). We therefore determine as a threshold matter whether we have jurisdiction. *Kilroy v. Kilroy,* 137 S.W.3d 780, 783 (Tex. App.-Houston [1st Dist.] 2004, no pet.).

Our initially inquiry in determining jurisdiction is whether the May 10, 2006 order striking Pollard's petition and dismissing his claims with prejudice is an appealable order of the probate court. The general rule, with few exceptions, is that appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). Absent a statutory exception, only one final judgment is rendered in any cause. *See* TEX. R. CIV. P. 301. Here, the parties acknowledge the Executor's pending counterclaim against Pollard which has not been severed. As a result, no final judgment has been rendered in the case. Our inquiry does not end here in light of exceptions allowed in probate proceedings. Because multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded, exceptions to the "one final judgment" rule have been recognized. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006) (citing *Lehmann,* 39 S.W.3d at 192).

Not every interlocutory probate order is appealable. The test for determining whether a probate order is final for appellate purposes was adopted by the supreme court in *Crowson v. Wakeham,* 897 S.W.2d 779 (Tex.1995):

> If there is an express statute, such as the one for the complete heirship judg-

ment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 783. To determine whether the dismissal order in this case was final and appealable, we thus look first to applicable statutes.

Appeal of interlocutory orders generally is governed by section 51.014 of the Texas Civil Practice and Remedies Code, which itemizes appealable interlocutory orders. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)-(11) (Vernon 2008). The list does not include probate proceedings per se or the order of dismissal in issue here.

The probate code identifies certain orders that are immediately appealable. *See, e.g.,* Tex. Prob. Code Ann. § 55(a) (Vernon 2003) (authorizing appeals from judgments in proceedings to determine heirship). The probate code also prescribes that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." Tex. Prob. Code Ann. § 5(g) (Vernon 2003). "Final" is not defined by the code. The Executor here relies on section 312(e) of the probate code as an "express statute" rendering the dismissal order final and appealable. Section 312(e) provides:

> When a claimant or any person interested in an estate shall be dissatisfied with the action of the court upon a claim, the claimant or person may appeal therefrom to the courts of appeals, as from other judgments of the county court in probate matters.

Tex. Prob. Code Ann. § 312(e) (Vernon 2003). We disagree with the Executor's argument that section 312(e) applies to independent administration of claims under sections 146 and 147, as we have here.

The Estate in this action is under an independent administration. *See* Tex. Prob. Code Ann. §§ 145–154A (Vernon 2003 and Vernon Supp. 2008). Pollard filed this action as an ancillary proceeding under section 147 of the code. Pollard complains about the rejection of his claims as a result of the Executor's alleged failure to take action under section 146.

Probate code sections 309–312 specifically address the formal procedure for presentment of and action upon claims in a dependent administration. *See* Tex. Prob. Code Ann. §§ 309–313 (Vernon 2003). *See also Bunting v. Pearson,* 430 S.W.2d 470, 472 (Tex.1968) ("representative" in probate code sections 309, 310, and 313 does not apply to an independent executor). Section 312, unlike section 146, prescribes formal procedures for authenticated claims processed through and under the direction of the courts in a "dependent" administration. Unlike independent administration by an executor under section 146, a court order adjudicating a claim under section 312 is part of that formal procedure and is made directly appealable as a final order under section 312(e). *See* Tex. Prob. Code Ann. § 312(b), (c), (d), (e) (Vernon 2003). *See also Bunting,* 430 S.W.2d at 472–73 (section 313 not only leads to court supervision, but is in direct conflict with section 147, which provides a claim against an estate in independent administration may be enforced by levying execution on the estate).

 Because no express statute resolves the finality of the dismissal order here, we turn to the second part of the *Crowson* test—"if there is a proceeding of which the order in question may logically be considered a part, but one or more

pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Crowson*, 897 S.W.2d at 783. The only proceeding of which the trial court's dismissal order may be considered a part is Pollard's lawsuit against the Executor for enforcement of unsecured claims and the Executor's counterclaim for conversion. The remaining question therefore is whether the counterclaim is also part of that proceeding.

In *De Ayala*, the supreme court concluded that the challenged order was interlocutory because "it did not dispose of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579 (order denying motion to dismiss and refusing to remove executor). To conclude here that the order striking Pollard's petition and dismissing his claims with prejudice disposed of all issues in a particular phase of the ancillary proceeding, would require segregating Pollard's affirmative claims from the pending counterclaim for conversion of estate assets. *See Lehmann*, 39 S.W.3d at 205 ("An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim, cross-claim, or third party claim, nor does an order adjudicating claims like the latter dispose of the plaintiff's claims."). The reporter's record in fact shows that the parties and the trial court discussed the possibility of the Executor's non-suiting his counterclaim to conclude the proceeding. That never happened, and the case remains pending.

Absent express statutory authority allowing an interlocutory appeal and applying the remaining part of the test adopted in *Crowson*, we conclude on this record that the Executor's counterclaim is also part of the phase of Pollard's proceeding involving Pollard's dismissed claims. *See, e.g., Columbia Rio Grande Reg'l Hosp. v.*

*Stover*, 17 S.W.3d 387, 391 (Tex.App.-Corpus Christi 2000, no pet.) (probate court's interlocutory summary judgment became final when the trial court disposed of counterclaim). Accordingly, the May 10, 2006 order dismissing Pollard's claims is not a final appealable order. Under the same analysis, the May 7, 2008 order denying Pollard's motion to vacate the order of dismissal remains interlocutory. We sustain Pollard's first and third issues.

In his second issue, Pollard contends the trial court abused its discretion by granting the Executor's special exceptions, striking Pollard's pleading, and dismissing Pollard's claims with prejudice. Having concluded that we lack jurisdiction over this interlocutory appeal, we do not address the merits of Pollard's second issue. *See* Tex. R. App. P. 47.1.

We dismiss this appeal for lack of jurisdiction.