

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00157-CV

William McDonald **RIDDICK**,
Appellant

v.

Cynthia Riddick **MARMOLEJO**, Warren Pretlow Riddick, Patricia Riddick Nathan,
and William P. Riddick,
Appellees

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2011-PC-3942
Honorable Tom Rickhoff, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  March 12, 2014

DISMISSED FOR LACK OF JURISDICTION

The appellant, William McDonald Riddick, appeals an order dismissing a counterclaim he filed in the probate court. The appellees, Cynthia Riddick Marmolejo, Warren Pretlow Riddick, Patricia Riddick Nathan, and William P. Riddick, argue this appeal should be dismissed for lack of jurisdiction because the dismissal order is not a final and appealable order, even under the special standards that govern probate court orders. Before the briefs were filed, the appellees filed a motion to dismiss this appeal. We carried the motion to dismiss with the appeal. We now grant the motion, and dismiss this appeal for lack of jurisdiction.

**BACKGROUND**

The underlying lawsuit involves four groups of trusts, which were created for the benefit of the Riddick siblings by other family members.[1] Each group of trusts is governed by the same trust agreement. The Riddick siblings have different relationships with respect to each of the trusts. For example, one sibling is the beneficiary of one of the trusts, while one or more of the other siblings serve as trustee of that trust. Another sibling is the beneficiary of another trust, while one or more other siblings serve as trustee of that trust.

The appellees filed the underlying lawsuit, seeking declaratory and injunctive relief as to the trusts, and a modification of the trust agreements. The appellant then filed a counterclaim, seeking declaratory relief as to the trusts, and a modification or termination of some of the trusts. The appellees filed a plea to the jurisdiction and moved to dismiss the counterclaim, arguing that it constituted an impermissible collateral attack on prior judgments affecting the trusts. The probate court granted the plea to the jurisdiction, and dismissed the counterclaim. The appellant appeals the dismissal order. The appellees' initial lawsuit remains pending in the probate court.

**DISCUSSION**

As a general rule, appeals may be taken only from final judgments. *DeAyala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). However, probate proceedings present an exception to the one final judgment rule. *Id*. In such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues. *Id*. This rule has been justified by the need to review controlling, intermediate decisions before an error can harm later phases in the proceeding. *Id*. "Not every interlocutory order in a

---

[1]Appellant William McDonald Riddick, appellee Cynthia Riddick Marmolejo, appellee Warren Pretlow Riddick, and appellee Patricia Riddick Nathan are siblings and will be referred to collectively as "the Riddick siblings." Appellee William P. Riddick, who is a settlor and a trustee of some of the trusts, is the father of the Riddick siblings.

probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult." *Id*. The Texas Supreme Court has stated the test for making this determination as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id*. (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). Under this test, an order that "does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings" is interlocutory. *Id*. at 579.

Here, there is no express statute declaring the type of order challenged in this appeal to be final and appealable. Thus, to determine whether the dismissal order in this case is final and appealable, we must determine (1) if there is a proceeding of which the order may logically be considered a part, and (2) if one or more pleadings also part of that proceeding raise issues or parties that have not been disposed of. *See id*. at 578. To make this determination, we examine the live pleadings contained in the record.

In their first amended petition, the appellees sought a declaration from the probate court regarding the terms of the trust agreements, a request for injunctive relief, and a request for modification of the trusts. Specifically, the appellees sought declarations concerning the manner in which successor trustees were to be appointed or selected under the trust agreements. The appellees also sought to modify the trust agreements to add provisions allowing for the removal of a trustee by a majority vote of the adult beneficiaries. Finally, the appellees sought an injunction to preclude the appellant from interfering with their fiduciary duties as trustees. In his first amended counterclaim, the appellant sought a declaration that the trusts were void. Additionally,

the appellant sought to modify the trusts for which he was a beneficiary so he could serve as his own trustee, or to terminate the same trusts and have the assets in these trusts distributed.

The pleadings in this case show that the initial lawsuit and the counterclaim address a set of disputes that have arisen in the administration and operation of the same trusts. Furthermore, the dismissal order in this case may logically be considered part of this proceeding. Because some of the issues raised in this proceeding are still pending, we conclude that the dismissal order in this case is interlocutory. *See Pollard v. Pollard*, 285 S.W.3d 149, 152 (Tex. App.—Dallas 2009, no pet.) (concluding that an order refusing to vacate the dismissal of unsecured claims against the estate was not a final, appealable probate order when a counterclaim alleging conversion of estate assets remained pending).

The appellant nevertheless argues the dismissal order is final and appealable. According to the appellant, the dismissal order is final and appealable because orders finding that a party lacks standing have been held to be final and appealable, and the dismissal order in this case is similar to those orders. We disagree. In each of the cases cited by appellant, the probate court not only found that a party lacked standing, but also disposed of a phase of the proceedings. *See Atkins Rosin v. Berco & Leja Rosin Trust*, No. 04-08-00601-CV, 2009 WL 1956386, at *2 (Tex. App.— San Antonio 2009, pet. denied) (holding that once the trial court found that the minor plaintiffs lacked standing to bring a will contest, all issues in that phase of the proceeding had been disposed by the trial court, and the order was final and appealable); *A & W Industries, Inc. v. Day*, 977 S.W.2d 738, 740 (Tex. App.—Fort Worth 1998, no pet.) (holding that an order determining the parties lacked standing to bring a motion to remove co-executors disposed of all the issues in that phase of the proceeding and was final and appealable); *see also Womble v. Atkins*, 331 S.W.2d 294, 298 (Tex. 1960) ("A judgment of no interest [in the estate] and consequent dismissal of an application for probate, or contest of, a will is in no sense interlocutory.").

The appellant further argues the dismissal order is final and appealable because it "disposes of all issues regarding the counterclaim." However, as shown above, the test does not require us to determine whether all issues and parties raised in the counterclaim have been disposed of; instead, the test requires us to determine if all of the issues and parties raised in this proceeding have been disposed of. *See DeAyala*, 193 S.W.3d at 578. Finally, the appellant argues the dismissal order is final and appealable because he could have brought his counterclaim independently. This may be true. But the fact remains that the appellant's counterclaim was not raised in a separate lawsuit; it was raised in the context of the appellees' lawsuit. Moreover, the appellees' lawsuit and the appellant's counterclaim address issues pertaining to the administration and operation of the same trusts.

## CONCLUSION

Because the dismissal order is interlocutory, and there is no express statute authorizing an appeal from this type of interlocutory order, we conclude that we lack jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008) (specifying appealable interlocutory orders). We therefore grant the appellees' motion to dismiss, and dismiss this appeal for lack of jurisdiction.

Karen Angelini, Justice