

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00650-CV

**IN THE MATTER OF THE ESTATE OF** Ronald K. **RUIZ**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2017PC1546
Honorable Veronica Vasquez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: January 18, 2023

DISMISSED FOR WANT OF JURISDICTION

In this probate matter, appellant Joyce Ruiz, proceeding *pro se*, seeks to appeal from (1) an order denying her motion to compel discovery, (2) an order granting appellee Raymond Harmon's motion for leave to join appellee Robert Catalano as an additional party, (3) an order granting Harmon's motion for protection from discovery subpoenas, and (4) an order granting Harmon's and Catalano's joint motion for summary judgment. On November 23, 2022, we ordered Ruiz to respond with authority, explaining why she contends the orders are appealable. Appellant responded. We now hold that we lack appellate jurisdiction and must dismiss this appeal.

**BACKGROUND**

In 2017, Ruiz filed an application for letters of administration concerning the estate of her deceased husband, Ronald K. Ruiz ("the decedent").[1] The trial court ordered an independent administration and appointed Ruiz as independent administrator. In May 2018, Ruiz filed an original petition against Harmon, individually and doing business as Harmon's and Harmon's BBQ. The petition alleges that Harmon and the decedent were partners in Harmon's BBQ and that the decedent's interest in the business was not redeemed or paid to his estate. The petition asserts six causes of action, including for redemption of a partnership interest, breach of contract, and breach of fiduciary duty. Harmon filed an answer and counterclaim. In his answer, he admits that he and the decedent were business partners, but he contends that Catalano was a third partner in the business and, therefore, a necessary party to the lawsuit. Harmon asserted a counterclaim for breach of fiduciary duty and, alternatively, for negligence and fraud related to the parties' business relationship and dealings.

In July 2019, Ruiz filed a motion to compel responses to requests for interrogatories and requests for production, and in November 2019, the trial court denied the motion. This order is one of the four orders that Ruiz wishes to appeal. In December 2019, Harmon filed a motion to join Catalano as a necessary party, and in February 2020, the trial court granted the motion. This order is the second of the four orders that Ruiz wishes to appeal.

Catalano intervened after the trial court ordered that he could be joined as a necessary party, and he filed a petition asserting a claim for breach of fiduciary duty based on the decedent's alleged actions and inactions as a partner. He also sought declaratory judgment to construe contracts that purportedly created and modified the partnership.

---

[1] Ruiz was represented by counsel at this stage of proceedings. She began representing herself in October 2021.

Harmon then filed a motion for partial summary judgment, seeking summary judgment in his favor on all of Ruiz's claims, except for Ruiz's redemption claim. Ruiz, thereafter, filed an amended petition, asserting only a claim for redemption of a partnership interest. In March 2022, Harmon and Catalano filed a joint motion for summary judgment, seeking judgment in their favor on Ruiz's redemption claim. Harmon also filed a motion for protection from discovery subpoenas. The trial court granted the motion for protection. This is the third order Ruiz wishes to appeal.

Ruiz, acting *pro se*, then filed another amended petition, reasserting all six claims that were first asserted in her initial petition. After Ruiz filed this amended petition, the trial court granted Harmon's and Catalano's joint motion for summary judgment and dismissed "any and all claims" brought by Ruiz. The order granting summary judgment is the fourth order that Ruiz wishes to appeal.

Ruiz filed several notices of appeal, and we ordered Ruiz to clarify which orders she sought to appeal and to provide authority to establish our jurisdiction. Ruiz responded, specifying the four orders she wishes to appeal and asserting arguments on the merits. She did not address our jurisdiction. Before reaching the merits, we, however, must first determine whether we have jurisdiction to hear an appeal. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam); *Summa v. RG Bldg. & Dev., Inc.*, No. 01-20-00624-CV, 2022 WL 2673239, at *1 (Tex. App.—Houston [1st Dist.] July 12, 2022, no pet.) (mem. op.). We hold that we have no jurisdiction over the interlocutory orders Ruiz wishes to appeal; therefore, we must dismiss her appeal for want of jurisdiction.

### STANDARD OF REVIEW

Whether we have jurisdiction to determine the merits of an appeal is a question of law. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Generally, in civil cases, there is only one final appealable judgment. *De Ayala v. Mackie*, 193 S.W.3d 575, 578

(Tex. 2006). "Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)). "If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls." *Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). If there is no controlling statute, to be appealable, "the order [must] dispose of all issues in the phase of the proceeding for which it was brought." *Id.* at 578. "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.* (quoting *Crowson*, 897 S.W.2d at 783). Typically, unless an interlocutory appeal is authorized by statute, a judgment must be final to be appealable. *Lehmann*, 39 S.W.3d at 195.

## DISCUSSION

As to the four orders that Ruiz wishes to appeal, she has not provided any controlling statutory authority purportedly authorizing an appeal. *See De Ayala*, 193 S.W.3d at 578. Therefore, we consider whether any of the orders "dispose[s] of all issues in the phase of the proceeding for which it was brought." *Id.*

The order denying Ruiz's motion to compel discovery and the order granting Harmon's motion for protection from discovery subpoenas do not dispose of any substantive issue, let alone dispose of "all issues" in the phase of the proceedings concerning the partnership; therefore, the orders are interlocutory. *See id.*; *see also Crowson*, 897 S.W.2d at 783 (explaining that adjudication of a "substantial right" is a factor to consider when determining whether a probate order is appealable); *cf. Cosentino v. Bank*, No. 05-21-00829-CV, 2022 WL 472799, at *2 (Tex. App.—Dallas Feb. 16, 2022, no pet.) ("'phase of the proceeding for which the [proceeding] was brought' refers to the basis for the proceeding — the claim(s) or cause(s) of action asserted — not

an issue within the claim(s) or action(s)."); *Estate Land Co. v. Wiese*, No. 14-16-00496-CV, 2017 WL 6543416, at \*3 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, no pet.) (holding order to compel post-judgment deposition in receivership case was not final and appealable).

Likewise, the order granting Harmon's motion for leave to join Catalano as an additional party is interlocutory because it does not dispose of any substantive issue but merely sets the stage for later disposition of claims related to the partnership filed by and against Catalano. *Cf. De Ayala*, 193 S.W.3d at 579 (holding order denying plea to the jurisdiction and refusing to remove an executor was interlocutory because the order "d[id] not end a phase of the proceedings, but set[] the stage for the resolution of all proceedings").

Last, the order granting Harmon's and Catalano's joint motion for summary judgment is interlocutory because the order does not dispose of Harmon's and Catalano's counterclaims or Catalano's request for declaratory judgment — all of which concern the parties' partnership dispute. *See Crowson*, 897 S.W.2d at 783 ("[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory."); *see also Riddick v. Marmolejo*, No. 04-13-00157-CV, 2014 WL 953464, at \*3 (Tex. App.—San Antonio Mar. 12, 2014, no pet.) (mem. op.) (order dismissing counterclaim was not appealable because claims arising from administration and operation of the same trusts remained pending); *Pollard v. Pollard*, 285 S.W.3d 149, 152 (Tex. App.—Dallas 2009, no pet.) (order refusing to vacate dismissal of unsecured claims against estate was not appealable when counterclaim alleging conversion of estate assets remained pending).

## CONCLUSION

We dismiss this appeal for want of jurisdiction.

Rebeca C. Martinez, Chief Justice